## Case No. 8,280.

### LETCHER et al. v. WOODSON.

#### [1 Brock. 212.] [1]

Circuit Court, D. Virginia. Nov. Term, 1811.

COVENANT — BREACH FOR GAIN — BREACH FOR WANT OF TITLE — RULE OF DAMAGES—INTEREST UPON VALUE OF LAND AT DATE OF CONTRACT.

1. Quaere, where a man covenants to convey lands, and breaks his covenant to convey, in order to avail himself of their increased value, and an action of covenant is brought to recover damages for the breach, if the value of the lands at the time of trial should not be the standard of damages?

---

[1] [Reported by John W. Brockenbrough, Esq.]

2. But it seems, that where a man contracts for the sale of lands. without fraud, and it afterwards appears that he had, in truth, no title to the lands when the contract was entered into, and, in consequence of his want of title, he refuses to convey, the standard of damages, in an action founded upon the covenant. is the value of the lands at the time of the contract entered into, and not their value at the time of trial. (But see the note of the chief justice at the end of this case.)

[Cited in Logan v. Moulder, 1 Ark. 313.]

3. Whether the jury in such a case, should allow interest upon the value of the lands at the date of the contract, must depend upon the circumstances of the case, of which they are the proper judges, and it is competent for the defendant to give in evidence to the jury, any circumstances tending to show that interest should not be allowed.

This was an action of covenant brought in 1805, by the plaintiffs, Stephen G. Letcher and Stephen Arnold, citizens of Kentucky, against Samuel Woodson, a citizen of Virginia, to recover damages for the breach of a covenant, made by the defendant with the plaintiffs, on the 30th of August, 1793, whereby the defendant bound himself, his heirs, &c., in consideration of £40, to be paid in horses, twelve days from the date of the contract, and of £160 in like manner, to be paid on the 10th day of November ensuing, by the plaintiffs to the defendant, to make to the plaintiffs a good title, in fee simple, to 666⅔ acres of land in Mercer county, Kentucky. The plaintiffs alleged in their declaration, a full performance of their covenants, and claimed damages from the defendant for failing to make a good title according to his covenant, &c. The defendant craved oyer, and pleaded covenants performed, and various special pleas, which it is unnecessary to notice. At the November term of this court, 1811, the jury found the following special verdict: "It appearing· in this cause, that before, and at the time of the covenant in the declaration mentioned, the plaintiffs resided, and have ever since resided in the state of Kentucky, in the neighbourhood of the lands in the declaration mentioned, and that the defendant's testator, during that whole period, and till the time of his death, resided in Goochland county, Virginia, where the covenant was entered into: that the plaintiffs, after the first payment of two horses on the 10th of September, 1793, viz.: in the December following, went out of Virginia to Kentucky, and never had any further communication of any kind with the defendant's testator, until December, 1805, when, for the first time, he tendered the balance of the consideration, viz.: £160 in horses, at which time it was ascertained and known, both to the plaintiffs and the defendant's testator, that the title of the defendant's testator to the lands sold, was not good, the jury pray the judgment of the court on the rule by which they ought to be regulated in assessing the damages. We find for the plaintiffs: and, 1st. If in the opinion of the court, the present value of the land be the standard by which damages ought to be regulated, we assess the damages to $4,000. 2dly. If the value of the land, at the date of the covenant, or when the deed ought to have been executed, be the standard of damages, we assess the damages to $2,533. 3dly. If, in the opinion of the court, the standard of remuneration be the price contracted for, then we assess the damages to $1,266.50. 4thly. If we are at liberty to take into consideration, all the circumstances of the case in the first part of the preceding statement, so as not to be tied down to either of the foregoing standards on abstract principles, then we assess the damages to $324.67."

THE COURT took time to consider of the judgment proper to be rendered on this·special verdict, and at a subsequent period of the same term, delivered the following opinion:

MARSHALL, Circuit Justice. This is a suit instituted by the plaintiffs to recover against the defendant, damages for the non-conveyance of land, lying in Kentucky, which the defendant had stipulated to convey. The jury in their verdict present to the court certain circumstances which appeared to them to be material, and then pray the advice of the court respecting the standard by which, under those circumstances, damages ought to be measured. They request the opinion of the court whether the damages ought to be regulated by: (1) The value of the land at the date of the contract, or failure to convey; (2) by its value at the time of trial; or, (3) by the price contracted for; or, (4) by their own opinion, under all its circumstances, of the justice of the case. One of these circumstances is, that the title of the vendor was defective, and this circumstance is connected with one other, to wit, that the plaintiffs resided at the time in Kentucky, where the lands lay, and the defendant in Virginia.

It has always been my individual opinion, that in a case where the lands sold are retained by the vendor, and he breaks his covenant to convey, in order to avail himself of the increased value, that he ought to be liable for the value of the lands at the time of trial. I suspect that this is not the opinion of the judges of the supreme court; of this, however, I am not confident. Had this been such a case, I am inclined to think that my opinion would have been in favour of the highest sum mentioned in the verdict.[2] But this is not such a case. The vendor appears to have sold, without fraud, lands to which he believed himself to be entitled. He was mistaken. The·motives for subjecting him to the increased value of lands exist no longer. If he should be subjected to pay this increased value, it must be on principles of strict law,· in opposition to the

---

[2] See note 3 at end of this case.

real justice of the case. I find no such principle of law, and I find maxims entitled to respect which militate against it. One of these is, that in cases of doubtful law, where the one party seeks to make a gain, and the other to avoid a loss, the law will rather favour him who seeks to avoid a loss. But I can find no principle which, in a case of plain mistake with respect to title, will permit the damages to grow after the contract has been broken. I am, therefore, of opinion, that, in this case, the value of the land at the time of trial is not the standard of damages. Is the value of the land at the date of contract, or which is the same thing in this case, at the time when the deed was demandable and to have been executed, the standard of damages?

The contest is between the value and the price actually given. Upon principle, it appears to me that the value at the time must be taken by the jury as their guide. The reason for this opinion is given in a single sentence. The value affirms the contract, and gives damages for its breach; the price annuls the contract, and replaces the parties in the same situation as if it had never been made. I therefore think myself constrained to say, that the price at the time is not to be the limit of the plaintiffs' right to recover in this action. But the jury present to the consideration of the court a fourth alternative. If the circumstances stated in the verdict will authorize them to depart from all the standards which are mentioned, then they find other damages than they would find, if bound in law by any one of those standards. That a jury may, if they choose, find a verdict against law, is admitted; and the court must either render judgment according to such verdict, or set it aside and award a new trial. But in this case, the jury have not chosen to find a verdict against law. They have asked the opinion of the court whether, in point of law, the circumstances stated in their verdict, warrant a departure from all the principles stated in their preceding findings. Those circumstances, therefore, are to be considered. They are, that the plaintiffs resided in the neighbourhood of the land in Kentucky, and the defendant in Virginia, where the contract was made, that the vendor had no title to the land sold, and that the whole purchase money was not paid, nor was the deed demanded until twelve years after the contract was made, when the defect of the title was known. These circumstances may have some influence in the selection of the standard, or in the estimate of damages under that standard, but they cannot justify a disregard of every rule whatever. I do not think, therefore, that judgment ought to be rendered upon the fourth finding of the jury.

The argument at the bar will, it is believed, authorize, if it does not require the court, to say something respecting the testimony admitted in this cause. The counsel for the plaintiffs seem to suppose that every species of testimony ought to be excluded, except that which would show the execution of the deed, or the value of the land. I do not think so. To me, it appears that the testimony may tend to fix the standard of damages; and that the complexion of the case may fairly have some influence on the jury, in estimating damages under that standard. The testimony, showing that the non-conveyance of the land, arose from the want of title in the vendor, has decided the opinion of the court on the question, whether the value at the day of contract, or at the day of trial, ought to have governed the verdict, and was, consequently, very material in the cause. The other circumstances stated in the verdict, might influence the jury, and, in my opinion, were proper to influence the jury on questions completely within their province. There might be contradictory and doubtful evidence respecting the value of the land, and the whole complexion of the case might have weight in deciding on that testimony. The residence of the parties especially, and their knowledge of the property, might deserve to be considered. On the question of interest too, if the value at the date of contract be the standard, the circumstances attending the case might be very material. There may be cases in which a court would instruct a jury that they ought to include interest in their computation of damages, if they took the value at the date of the contract as their standard; but there may be cases, and this is one, in which the court, on account of the very circumstances stated in this verdict, would be well satisfied with the exclusion of interest from the computation of damages.

These observations would be proper, in a court, unacquainted with the circumstances which occurred at the trial of the cause. But gentlemen engaged in the cause will recollect, that the testimony of which they complain was added by themselves. They stated the defendant's want of title; they proved the tender in 1805, which established the fact that no previous payment had been made; and they proved it in such manner as to justify the inference, that no previous demand of the deed had been made. Was it for the court to say that this testimony might avail the plaintiffs, and not the defendant? Was it for the court, after the plaintiff had introduced this testimony, and argued upon it, to check the counsel for the defendant when attempting to apply the same testimony. The jury had no right to allow the defendant, in their verdict, so much of the purchase money as remained unpaid, and to this point they were instructed by the court. But could the court inform the jury, that they were to weigh the case made out by the plaintiff, according to his testimony, but that the moment their at-

tention was directed to the defence, they were to forget that they had heard it. Without regard, however, to the particular party from whom this testimony came, I have no doubt of its admissibility, under the directions of the court respecting its application.

Judgment rendered for twenty-five hundred and thirty-three dollars, the damages assessed by the jury in the second finding of their verdict.

NOTE, by MARSHALL, Circuit Justice. Since this opinion was given, I find that the uniform course of Kentucky, is to give the purchase money with interest, and to this course I now conform, where no rents and profits have been received.—Where they have, that circumstance affects the interest.[8]