## PINKSTON v. HUIE.

1. When the obligation is to be void if the principal obligor, and E, his wife, in a convenient time after she comes of age, shall execute and deliver titles to certain lands, which, in the condition, are recited as lands of the wife, sold by the husband, this binds the obligors to procure a conveyance in fee by the wife, and not merely her dower estate.

2. In a suit against the administrator of one of the obligors to a bond, conditioned to make title to land, within a convenient time after an infant *feme covert* came of age, the bar of the statute of *non claim* begins to run from the time the *feme* comes to full age, and not from the death of the obligor.

3. In an action upon a bond, which, in effect, is a covenant, that a third person shall convey title, in a specified time, it is immaterial that the obligor retains, or has abandoned the possession of the lands.

4. The proper measure of damages upon a bond, conditioned that a third person shall convey title to land, is, the value of the land at the time when the title was to be conveyed, with interest on that value to the time of trial.

Writ of Error to the Circuit Court of Montgomery.

DEBT, by Huie against Pinkston, as the administrator of Wm. Gause, on a bond, in the penal sum of $6000, executed in the year 1839, by one John Clisby, as principal, with Wm. and B. J. Gauze as sureties. The declaration has three counts—one on the bond—another stating that it was conditioned to be void, if Clisby, and Emily, his wife, in a convenient time after she came of age, should execute and deliver

to Huie, titles to certain lands, the property of the said Emily, which the said Clisby had sold and conveyed to Huie, at the date of the bond; and averring that Emily Clisby had arrived at the age of 21, and that Huie had tendered a deed for the said lands, for her to execute, which she refused to execute; the third is similar to the second, and states that Emily Clisby was of age in January, 1844, that Huie tendered a deed for the said lands, for her to execute, in February of the same year, which she refused, &c.

The defendant pleaded twelve pleas, of which the 2d, 5th, 6th, 7th, 8th and 10th need only be noticed, as demurrers were sustained to those.

The 2d avers, that Mrs. Clisby was ready, and willing, when she became of age, and since has been, and is, to make titles.

The 5th, that the plaintiff has not been damnified, by reason of the bond and condition.

The 6th, that he had not been damnified, or if he had, it was of his own wrong.

The 7th, that he had not been damnified, by the failure to make titles.

The 8th, that plaintiff entered on the land by virtue of the bond, and that he, and others deriving possession from him, had ever since been in the quiet possession of the lands; and had not been evicted, or put out of possession.

The 10th, that letters testamentary were granted, to the defendant, of the estate of Wm. Gauze, on the 15th February, 1841, and that the bond was not presented to him within 18 months from the grant.

The cause was tried on issues formed on the other pleas. At the trial, it appeared that Mrs. Clisby came to the age of 21 years in January, 1844; in February of the same year, the plaintiff prepared and tendered a deed for the lands for her to execute, which she refused to execute, and that the purchase money paid to Clisby was $3000.

The defendant proved the grant of letters testamentary to him, on the 15th February, 1841; that Mrs. Clisby, from the date of the bond to the trial, was a *feme covert;* that the plaintiff entered on the lands at the time of the purchase from Clisby, and retained possession of them until the latter part of

1843, when he left the country; and that the annual rents were worth $200. There was no evidence that the plaintiff had been evicted or disturbed in his possession, or that any presentment of the bond for titles was made to the defendant, before suit commenced, which was the 15th of February, 1844.

On this state of proof, the court charged, that the statute of non-claim did not commence running until a reasonable time after Mrs. Clisby was of age; also, that if, when the deed was tendered to her, she refused to execute it, the bond was forfeited, and the measure of damages was the purchase money, with interest.

The defendant requested the court to charge the jury—1. That if the bond was not presented in eighteen months from the grant of administration, the plaintiff ought not to recover. 2. That if Huie entered on the land, and had not been evicted or disturbed by Mrs. Clisby, or some one claiming title under her, nominal damages only could be recovered. 3. That if the rents and profits were of any value, they should be deducted from the recovery. 4. That unless a deed was tendered to John and Emily Clisby, no recovery could be had. 5. That if Huie had not been evicted or disturbed by title paramount, he could not recover. All which were refused.

The sustaining the demurrers to the pleas, the charges given and refused, are now assigned as error.

J. E. BELSER and J. A. ELMROE, for the plaintiff in error, argued the following positions:

1. The plaintiff cannot recover, on the case made by the pleadings.

A covenant by bond, that a man and his wife shall convey, and make title, in fee simple, within a reasonable time after the wife is of age, when signed by the man and wife, only binds him to procure her relinquishment of dower. [King v. Moseley, 5 Ala. Rep. 610; Clay's Dig. 155, § 27.]

In this case the bond is not signed by the wife, but that is conceived to create no sufficient distinction between the case cited and this, because the husband in that case was bound equally with his wife, and only to that extent. It cannot be

the omission of her name will extend his liability, beyond what it would be if her name was to the bond. The legal effect of the bond, is only to bind the obligors to procure the conveyance of such title as Mrs. Clisby had. [King v. Mosely, 5 Ala. Rep. 613 ; Constantine v. Van Mansel, 2 Hill, 240; Grant v. Forwood, Ib. 557 ; Hepburn v. Dubois, 12 Peters, 345.]

2. The bond not having been presented to the administrator, within eighteen months after the grant of administration,·is barred by the statute of non-claim. [King v. Mosely, 5 Ala. Rep. 615; McBroom v. The Governor, 6 Porter, 32 ; Paine v. Smith, 2 Root, 142.]

The claim against the estate arises from the bond, though it was conditional only, and dependent upon Mrs. Clisby's refusal to execute titles. The object of the statute was to bar every sort of claim for which the administrator can be made liable at law, and therefore the bond here should have been presented.

3. The measure of damages is not as was charged by the court. The purchase money paid may form a good criterion by which to estimate the·damages, but is not the only one. [11 Wend. 416 ; 12 Mass. 304 ; 3 Ib. 523 ; 8 Pick. 547 ; 16 John. 254 ; 4 Mass. 108 ; 11 Ib. 512 ; 3 Dess. 245 ; 3 Call, 277 ; 2 Bibb, 275 ; 3 Ib. 175 ; 8 Porter, 428 ; 2 Ala. Rep. 71, 324 ; 7 Porter, 73 ; 1 Brock. 212.]

4. In an action of covenant upon a warranty, the plaintiff must show an eviction. [4 Mass. 309 ; 17 Ib. 213 ; 2 Hill, 105 ; 7 John. 358 ; 15 Pick. 66 ; 3 Bibb, 175.] And it is difficult to perceive why a different rule should obtain when the ·action is on a bond. .

5. The rents of the lands should have been deducted from the recovery, as Clisby, under all circumstances was entitled to these, as a marital right. [6 Porter 32 ; 3 Caine, 114 ; 4 Dallas, 441 ; 13 John. 50 ; 2 Devereaux, 30.]

HAYNE, for the defendant in error, insisted—

1. That there exists a clear distinction between this case and that of King v. Mosely, 5 Ala. Rep. 610. There ·the claim was perfect against the administrator, here it had no existence as a claim until Mrs. Clisby came of age. Until

then, it could not be known there ever would be a claim against any one. Indeed the decision referred to excludes the idea, that such a state of facts as are here presented, is concluded by it.

2. The covenant in this bond, is in no sense like that contained in a deed, because by a deed the title passes. Even where a deed is made with covenants of seizin, the measure of damages for its breach, is the purchase money paid. [4 Dallas, 441; 3 Caine, 111; 2 Wheaton, 62.] If Huie is in possession, he is liable to the person who holds the title, and it is no defence to his claim for the purchase money, that he may never be sued. He has not got what he contracted for, and therefore is entitled to recover the sum paid.

3. The question as to the recoupment of the rents and profits, against the money paid, does not arise upon the record, and could only be so raised affirmatively, even if the defendant could avail himself of it. In point of fact, the land was settled on Mrs. Clisby, to her sole and separate use, and to enable this defence to be interposed, the defendant should have shown, that Clisby had such an interest under the marriage, or otherwise, as entitles him to have the rents, &c., independent of his wife.

GOLDTHWAITE, J.—1. It is insisted, the plaintiff is not entitled to recover on the case made by the pleadings, because the effect of the bond, to which the defendant is the surety, is to bind the husband to procure the conveyance only, of Mrs. Clisby's dower estate in the land described; and King v. Mosely, 5 Ala. Rep. 610, is cited as warranting this position. In that case, the husband and wife were the joint obligors, and the court construed the condition to refer only to the relinquishment by the wife of her dower estate; but here there is no room for construction, as it is recited in the condition of the bond, that the lands sold by the husband were actually the property of the wife, and the obligation intended to be created is, that she, entirely independent of her husband, should convey the title in fee, upon her coming to full age. We entertain no doubt whatever, that the obli-

Pinkston v. Huie.

gors in the bond, were bound to procure her to execute a conveyance in fee.

2. The next position is, that the bond should have been presented to the defendant, as a claim against the estate within eighteen months after the grant of administration, although Mrs. Clisby, during the entire time was a minor, and did not arrive at the age of twenty-one years, until a short time previous to the commencement of the suit. This proposition is supposed by the defendant's counsel to be also sustained by the case just cited. There, the suit was on a covenant to make title when the purchase money should be paid, and it was considered the covenant became a *claim*, within the meaning of the statute, from that period, and not from the time when the execution of the conveyance should be required. Here, however, there could be no pretence for a claim until Mrs. Clisby became of age, for until then it could not be known that the principal obligor would be in default. The utmost extent of the doctrine held in King v. Mosely, goes no further than the assertion of the principle, that a claim which either is due presently, or in future, must be presented; but does not include a demand or claim which is dependent upon a future contingency. We consider the demurrer was properly sustained to the 10th plea, as that is the one which presents the defendant's defence in this aspect.

3. Next in order is the objection, that no more than nominal damages should have been allowed, inasmuch as the plaintiff was invested with the husband's title to the land at the time of purchase, and because this was not reconveyed, or the possession relinquished. In considering this point, we shall throw out of view all that is matter of speculation, as to the effect of the abandonment by the purchaser of the land, as well as the consequences growing out of the husband's conveyance, and meet it as if he continued in possession under that conveyance. In this connexion it will be seen that the covenant contained in this bond, has no resemblance to a covenant of warranty, or a covenant for quiet enjoyment; but even if it was such, the general rule in relation to evictions, does not extend to the acts of particular individuals named in the covenant. [Fowle v. Welsh, 1 B. &

33

C. 29; Perry v. Edwards, 1 Strange, 400.] The rule, that a covenant for quiet enjoyment, is not broken until an eviction, is technical, and does not extend to a bond of indemnity. [Trustees v. Gallatian, 4 Cowen, 340.] The reason why a bond providing for a particular act to be done by some third person, in relation to the conveyance of title, cannot be considered as equivalent to a covenant for quiet enjoyment, is, that such person is in no way affected by the contract between the vendor and the purchaser; and the latter, in addition to the title which he receives, or contracts to receive, from the former, requires other and additional stipulations, with relation to another, which is known or supposed to exist elsewhere. We come, then, to the conclusion, that so far as the action on this bond is concerned, or the amount to be recovered, it is immaterial whether Huie has abandoned the premises or yet remains in possession.

4. The only remaining question is, whether the purchase money paid by Huie, when he purchased the land from Clisby, is the proper criterion by which to estimate his damages; and in the examination of this, as the other just noticed, it is proper to state the precise facts of the case before us. The condition of the bond recites that Clisby, at the date of the bond, had sold and conveyed the lands, which were the property of his wife, to Huie, and the covenant is, that the husband and wife, within a convenient time after she came to the age of twenty-one years, should execute and deliver to Huie a good and lawful fee simple title to said land, with full covenants, as usual. Now whatever may be the effect of this condition as to the title which Clisby might be required to execute, we consider it clear, that a *conveyance* in fee by Mrs. Clisby after she came of age, would be a compliance, so far as she is concerned, whatever might be her title at the date of the covenant, or afterwards. Her title to the lands, at the time of the contract, was the subject matter of the contract. It is evident, too, that this was not alone the matter which Huie paid for, inasmuch as Clisby then not only sold. but conveyed the lands; this conveyance would be effectual, to pass all the title acquired by Clisby, in virtue of his marriage; which, at the least, would extend to the possession, during the life of his wife. It is said, in argument, that the fact is,

the land is settled on Mrs. Clisby, to her sole and separate use ; but conceding this to be so, it is scarcely possible the purchaser would be held accountable for the issues until the exertion of the wife's claim. We must, however, determine the case as it appears on the record, and decline to consider how it would be affected by circumstances which do not appear. It is the case of a purchaser, stipulating by a collateral instrument, for the acquisition of a specified outstanding title ; and whatever may be the rule with respect to the measure of damages, when the covenant broken is to convey generally a good title, we think, that here it is the value of the particular title agreed to be extinguished. This will be entirely evident, when we consider what the rights of Huie may possibly be, under a conveyance of this sort, from the husband. As we have said before, the husband, by virtue of his marriage, becomes a joint tenant with his wife in the possession, and use of her lands, and though this right may be extinguished by her death, in the event of her having no issue by the husband, born alive, capable of inheriting the estate, yet upon the birth of such issue, he becomes a tenant for his own life. As a purchaser therefore may, in some cases, be invested with a title by the deed of the husband alone, it is clear, the general rule in a case like this, by which to estimate the damages, cannot be the purchase money paid. The case of Tanner v. Livington, 12 Wend. 83, seems fully to recognize this principle. There the action was upon a covenant, that the grantors were seized of an indefeasible estate *of inheritance, in fee simple,* and it was held, the purchaser having entered into possession, was not entitled to recover the purchase money paid, upon showing that the grantors were seized of life estates only ; but that the value of the life estates might be shown, for the purpose of regulating the damages. This decision, it will be borne in mind, was made upon a covenant contained in the deed of conveyance. In Howard v. Person, 2 Hay. 336, the intestate of the person sued, was bound to procure a tract of land, of a certain description, for the plaintiff, by the time he became of age. The court held, the damages were the value of the lands at the time of his arriving at age. In Letcher v. Woodson, 1 Brock. 212, Chief Justice Marshall held, in an action upon a bond, that a

vendor binding himself to convey the title at a future day, and being then unable to do so, was liable in damages to the value of the lands at the *time of the contract*, though he conceded that the intervention of other circumstances might change the mode of estimation. The rule with respect to chattels is, in general, the price of the article at the time fixed for its delivery. [Sheppard v. Hampton, 3 Wheat. 200; see also Shannon v. Comstock, 21 Wend. 457.] And it is said, in a note to Letcher v. Woodson, that there is no difference in principle, whether the contract is for the sale of lands or chattels. Whatever may be the rule, when the covenant is by the vendor, to make a good title, we think, in this case, the stipulation being for the title of a particular person, the true criterion of damages is the value of that title *at the time it was to be executed*, with interest upon that value to the time of trial. This will leave the contract of the purchaser, by which he has procured a conveyance from the husband, and his possession as it was; it will give the value of the title contracted for, instead of its price; on the other hand, if its value has been impaired by use, or depreciated from other causes, there seems to be no sound reason why the purchaser should recover the entire purchase money.

As the instructions to the court below to the jury, assumed a different estimate as proper, the judgment is reversed and the cause remanded.