## GIBBS v. JEMISON, Adm'r.

1. G., purchased from A. a tract of land, knowing that the title was outstanding in another, executed his notes for the purchase money, and took from him a conveyance by deed. Afterwards, J., the assignee of the notes, executed a covenant to G., by which, in consideration that G. paid him $4000 by the first Monday in April, 1841, he bound himself to procure, and deliver to G., a fee simple title to the land, at the time agreed on for the payment. J. immediately commenced proceedings to get in the outstanding title, but was unable to do so before 1846, previous to which he had coerced the payment of the money from G. by execution. An action being brought by G., against J., on the covenant, after the payment of the money, and before the title was obtained by J.—Held, that the measure of damages could not exceed the expense, and trouble of obtaining the legal title, and when that was obtained and vested in the plantiff before the trial of the cause, the damages should have been merely nominal.

Error to the Circuit Court of Sumter.

COVENANT by the plaintiff in error. From a bill of exceptions taken at the trial, it appears, that the plaintiff purchased a tract of land of one Henry F. Arrington, sen. who ininformed him at the time, that he had not a legal title to the land, and offered to execute to him a bond for title, which the plaintiff declined, saying he preferred a deed. At this time Arrington was solvent, but afterwards, and before the purchase money became due, was insolvent. The defendant's testator became possessed of the notes given for the purchase of the land, and urged payment, which the plaintiff declined, because of the outstanding title and the insolvency of Arrington. That therefore, in consideration that Gibbs would confess a judgment on the note, with a stay of execution until the first Monday in April, 1841, and then pay it, the defendant's testator executed and delivered the following covenant:

Know all men by these presents, that I, John S. Jemison,

Gibbs v. Jemison, Adm'r.

for and in consideration of $4,005, to me to be paid, by the first Monday in April, 1841, by Charles R. Gibbs, do bind myself, my heirs, &c. to the said Charles R. Gibbs, his heirs, &c., to procure and deliver to the said Charles R. Gibbs, his heirs, &c., by the first Monday of April, 1841, a title in fee simple to the said Charles R. Gibbs, to the following tracts and parcels of land. (Here follows a description of the land.) In witnss whereof, &c., &c., this 13th April, 1840.

That immediately after the execution of this covenant, defendant's testator caused a bill to be filed in the name of Henry F. Arrington, against William Jemison, sen., to get in the outstanding title, and prosecuted the suit diligently but was unable to obtain a decree until 1846, at which time a decree was made divesting the title out of Jemison, and vesting it in Arrington. That previous to this time, defendant's testator had coerced the payment of the money by execution, and both before and after the payment, plaintiff urged defendant's testator to prosecute the suit and obtain the title.

The court charged the jury, that the measure of damages was not the value of the land at the time of the default, but that it was the actual injury the plaintiff had sustained by the delay in perfecting his title. To this the plaintiff excepted, and now assigns for error.

REAVIS, for plaintiff in error.
R. H. SMITH, contra.

ORMOND, J.—This is not a covenant between vendor and vendee, but is a covenant by a stranger, that in consideration of the payment, by the vendee to him, of a sum of money by a stipulated period, he will at that time procure to be made to him a title in fee simple to a tract of land. It is quite clear that these are dependent covenants, and that neither can maintain an action against the other, without averring a performance on his part. The declaration avers that the plaintiff did pay the money at the time stipulated, but that the defendant did not cause the title to be made.

In Pinkston v. Huie, 9 Ala. 252, we held, that the measure of damages, upon a breach of covenant, that a third per-

son would make a title, was not the price, or value of the land, but the value of the title at the time it was to have been made. To the same effect is Dyer v. Dorsey, 1 Gill & J. 440. So in this case, if the plaintiff had proved a performance of the contract on his part, the measure of damages at law, would have been the value of the outstanding legal title in William Jemison, sen. We say at law, because in equity, it would have been held, that time was not of the essence of this contract. This was held in Beck v. Simmons & Kornegay, 7 Ala. R. 71, which cannot be distinguished from this. There, as here, it was known at the time the contract was made, that a suit was necessary to get in the outstanding title, and if the covenantor proceeds with diligence to obtain it, and is prevented by the necessary delays of the law from obtaining it, by the time stipulated, he will not in a court of chancery, be held to a literal compliance with it.

Here the plaintiff did not comply with the contract on his part, so as to entitle him to demand a strict performance from the defendant, and the charge of the court, that he could recover for any injury caused by the delay, was as favorable as he could have asked.

It appears, that by the purchase and deed from Arrington, he obtained a perfect equitable title to the land, the naked legal title being outstanding in another. In such a case it would seem, the measure of damages could not exceed the expense and trouble of obtaining the legal title, and when, as in this case, the legal title had been obtained, and vested in the plaintiff before the trial of the cause, the damages should have been merely nominal.

Judgment affirmed.