# Jefferson v. Beall *et al.*, Ex'tr. &c.

*Action upon a Judgment against Executors.*

1. *Foreign judgment against executor; validity thereof.*—Letters testamentary or of administration have no extra-territorial operation; and a judgment rendered in a foreign State against an executor or administrator appointed in this State, is void, whether objection is or is not made to the exercise of jurisdiction by the foreign court; and such judgment will not support an action in this State against the same or other executors or administrators.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellant, Rollin Jefferson, against the appellees, L. C. Beáll, as executrix and C. M. Beall, as co-executor of the will of Barden Burts; and counted upon a judgment rendered by the superior court of Stewart county in the State of Georgia, in favor of said plaintiff against the defendants. The defendants pleaded the general issue and two special pleas, which were as follows : "2d. That said superior court had no jurisdiction to render the particular judgment described in said complaint.

"3. And for further answer to said complaint, the defendants say that their testator, Barden Burts, was, in his life time, a resident citizen of the county of Russell, State of Alabama, and that he died, being so resident, on or about the 27th day of January, 1887. That said Barden Burts died testate and that his will was duly admitted to probate in the probate court of said county of Russell on or about the 1st day of March, 1887, and that in said will the defendant, L. C. Beall, then named and called L. C. Burts and who was the wife of said Barden Burts in his life-time and up to the time of his death, was named in said will as executrix and that after the probate of said will, as aforesaid, letters testamentary were issued to her by and out of the probate court of said county of Russell, and that said defendant, L. C. Burts, entered upon her duties as such executrix, under and by virtue of said letters testamentary, and that said letters are the only letters testamentary or of administration issued to her by any court, jurisdiction or authority, either in or out of the State of Alabama. And that after the issue of said letters testamentary the defendant, L. C. Burts intermarried with the defendant, C. M. Beall, and the said C. M. Beall became co-executor by operation of the law of Alabama, and not in virtue of any letters testamentary or administration. And that no letters testamentary or administration ever issued to the said C. M. Beall, by any court, jurisdiction or authority whatever. And that said C. M. Beall at the time of said marriage was a citizen of the State of Georgia in the county of Stewart in said State, and that said L. C. Beall, after said marriage, resided in said county of Stewart in said

State of Georgia, and that both of said defendants were so residing in said county of Stewart when suit was instituted against them by the plaintiff on a personal debt of the said L. C. Beall, contracted long after the death of said Barden Burts, and said supposed judgment described in the complaint was rendered against the defendants upon said personal debt, and that the said Barden Burts at the time of his death left no estate, property, goods or chattels, rights or credits in the State of Georgia, nor has any assets of said estate been removed to the State of Georgia since the death of the said Barden Burts, and so the defendants say that the said superior court of Stewart county, Georgia, had no jurisdiction to render the judgment sued on."

To the third plea a demurrer was interposed testing its sufficiency as an answer to the complaint. The court overruled this demurrer, and the plaintiff duly excepted. The facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court at the request of the defendants gave to the jury the general affirmative charge in their behalf. To the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

SMITH & HENRY, for appellant.—The plaintiff had a right to maintain this action. Power to keep estate together carries with it the incidental authority of employing all ordinary means which may be necessary to carry out such express power.—*Pinckard v. Pinckard*, 24 Ala. 250 ; *Gerald v. Bunkley*, 17 Ala. 170 ; *Hinson v. Williamson*, 74 Ala. 180.

BOYKIN & BENTON, *contra.*—The superior court of Stewart county, Georgia, had no jurisdiction of the defendants in their respective capacity, they being executors of the last will and testament of Barden Burts, who died in Russell county this State, and left no real or personal property save in Russell county, and the only letters testamentary ever issued to the defendants being from the probate court of Russell county, and this being the only court where proof of the will has ever

been made.—*Harrison v. Mahorner*, 14 Ala. 833 ; Story
on Conflict of Laws, § 514b ; *Hatchett v. Berney*, 65 Ala.
39 ; 3 Amer. & Eng. Encyc. of Law, 659 ; *Ib.* 1470.

BRICKELL, C. J.—The suit is upon a judgment
rendered in the State of Georgia against the executrix
of a will of original probate in this State, to whom
original letters testamentary were issued by the proper
jurisdiction, and her husband, who by virtue of the in-
termarriage, became co-executor.   The force and effect
of this judgment in this State is the question presented
by the rulings of the court below on the demurrer to
the plea of the defendants, and by the general affirma-
tive instruction given to the jury.   It seems to be settled
by the weight, if not by an unbroken concurrence of
judicial authority, that a judgment rendered in a foreign
jurisdiction against a domiciliary personal representa-
tive, is void, whether objection is or is not made to the
exercise of jurisdiction by the foreign court, and
whether the judgment is against the same or a different
representative.

The accepted theory of administration is that the right
and liability is purely representative, and exists only by
force of the official character, and so can not pass beyond
the jurisdiction which grants it, and reserves to itself
full and exclusive authority over all the assets of the
estate within its limits.—*Braithwaite v. Harvey*, 27 L. R.
A. 101 and notes ; *Reynolds v. Stockton*, 140 U. S. 254 ;
*Hopper v. Hopper*, 125 N. Y. 400 ; 12 L. R. A. 237 ;
*Johnson v. Wallis*, 112 N. Y. 230 ; 2 L. R. A. 828 ; *Rob-
inson v. Robinson*, 11 Ala. 947 ; *Harrison v. Mahorner*, 14
Ala. 834 ; *Hatchett v. Berney*, 65 Ala. 39.

The record affirmatively shows in this case that ap-
pellant sued and obtained the judgment against the de-
fendants, describing them as executors, and that the
present suit is upon such judgment against them, in the
same capacity, in this State.   The only complication or
difficulty in the case arises from the fact that both suits
are against the same persons who would in ordinary
cases be concluded by an adverse judgment.   But, in
this class of cases, the defendant is not personally a
party, otherwise than as a commissioned representative
of the court making the appointment and for the limits
of its jurisdiction, so that beyond that jurisdiction he

can exercise no authority, or do or omit any act which will affect the due administration of the trust by the local authorities.

The objection thus goes to the power or jurisdiction of the court over the subject-matter of the administration of assets in a foreign State, in the control of foreign administrators, and to the capacity of the defendant to do any act to the prejudice of the domestic administration. Consent can not give such jurisdiction, or extend the limited authority of the administration to extra-territorial acts resulting in judgments against the assets of the estate. The domestic representative has no authority to prosecute or defend suits in foreign jurisdictions, except by the permission and authority of the particular State, and only as to assets there located. In *Hatchett v. Berney, supra,* we announced the general rule as follows : "It is the settled doctrine of this court, and of the common law, that letters testamentary, or of administration, have no extra-territorial operation, and title derived from them extends, as matter of right, only to the personal assets which are found within the jurisdiction of the government from which they are derived." And it follows from this, an administrator, or executor, is not suable in a foreign jurisdiction—as he has no commission beyond the State line. There was, therefore, no jurisdiction in the court of Georgia to entertain the suit resulting in the judgment against the appellees as executor and executrix, by and under the laws of Alabama, and the judgment rendered in such a suit is entirely void, and thus can not support an action in this State against the same or other administrators. We refer to the extended note to the case of *Braithwaite v. Harvey,* 27 L. R. A. 101, for a full collection of authorities supporting the views expressed.

There is no error in the record, and the judgment of the lower court is affirmed.