# Johnston, Admr. *v.* McKinnon.

*Action upon a Foreign Judgment.*

1. *Foreign judgment against administrator; no ground of action in this State.*—A judgment against the personal representative of a deceased person in another State is no evidence of debt in a subsequent suit by the same plaintiff in this State against the personal representative of the same decedent appointed under the authority of this State; and, therefore, a foreign judgment against a personal representative furnishes no cause of action for a suit in this State against the same person as personal representative under appointment in this State.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

P. P. Johnston, who lived in this State, died, leaving property in Florida and Alabama. Seth Johnston, the appellant, was appointed administrator of the estate of P. P. Johnston in this State, and was also appointed administrator of the estate of P. P. Johnston in the State of Florida. The appellee, Alexander D. McKinnon, brought an action against Seth Johnston, as administrator of the estate of P. P. Johnston, in Jackson county, Florida, in November, 1896, and recovered a

judgment in said suit against Seth Johnston as such administrator on December 17, 1897. Subsequently, on October 9, 1899, said McKinnon brought the present suit in the city court of Montgomery against Seth Johnston, as administrator of the estate of P. P. Johnston, deceased; and counted upon the judgment rendered in his favor against the defendant by the Florida court, said judgment being set out at length in the complaint.

The contention of the defendant in the trial court was that the judgment rendered by the court in Florida against the defendant as the administrator appointed in Florida, did not constitute a cause of action in the Alabama court against the same person as the administrator appointed in this State; and this question was raised by motion to strike the complaint from the file, by demurrers to the complaint, by pleas, by objections to the introduction in evidence of the transcript of the Florida courts and by requesting the court to give the general affirmative charge in his behalf. The court overruled each of such motions, demurrers and objections to the evidence, and refused to give the general affirmative charge requested by the defendant, but gave the general affirmative charge requested by the plaintiff. To each of these rulings the defendants separately excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

C. H. ROQUEMORE, for appellant.—The Florida judgment against the defendant as administrator appointed in Florida constituted no cause of action against the defendant in this suit as the Alabama administrator. *Jefferson v. Beall,* 117 Ala. 436; *Braithwaite v. Harvey,* 27 L. R. A. 101; *Johnson v. Powers,* 139 U. S. 156; *Stacey v. Thrasher,* 6 How. 44; *McLean v. Meek,* 18 How. 16; *Fellows v. Lewis,* 65 Ala. 343; 8 Am. & Eng. Ency. of Law (old ed.), 427; 13 Am. & Eng. Ency. of Law (new ed.), 920 and cases cited.

G. F. MERTINS, *contra.*—Judge Story, after stating broadly that judgments against administrators have no extra-territorial effect, says: "It might be different if the same person were administrator in both States." Story Conflict of Laws, § 522. "If the same person is both the anciliary and domicilary administrator, it is held that the rule that the allowance of a claim or judgment in one jurisdiction is not binding in the other does not apply, because the reasons, if any, are purely technical."—*Lomas v. Hilliard,* 60 N. H. 148.

TYSON, J.—One P. P. Johnson, who lived in this State, died leaving property in Florida and in this State. Seth Johnson, the defendant in the court below and appellant here, was appointed administrator of the estate in Florida and also in this State. The plaintiff brought suit against him as the representative of the estate in the Florida court, and on December 17, 1897, recovered a judgment against him. The present action is brought upon that judgment against him as the representative of the estate in Alabama. The question presented is, whether he is bound in this jurisdiction by that judgment.

In *Jefferson v. Beall,* 117 Ala. 436, this court held that letters of administration have no extra-territorial operation; and a judgment rendered in a foreign State against an administrator appointed in this State is void, whether objection is or is not made to the exercise of jurisdiction by the foreign court, and such judgment will not support an action in this State against the same or other administrator. Says the court: "The accepted theory of administrations is that the right and liability is purely representative, and exists only by force of the official character, and so cannot pass beyond the jurisdiction which grants it, and reserves to itself full and exclusive authority over all the assets of the estate within its limits." The principle is fully sustained by numerous cases in other jurisdictions which can be found in a note on page 101 of 27 L. R. A. Indeed it is the established doctrine of the courts of this country.

It is equally as well settled that an action of debt will not lie against an administrator in one State,

on a judgment recovered against a different administrator of the same intestate, appointed under the authority of another State. The reason is "that, where administrations are granted to different persons in different States, they are so far deemed independent of each other that a judgment obtained against one will furnish no right of action against the other, to affect assets received by the latter in virtue of his own administration; for in contemplation of law there is no privity between him and the other administrator."—Story on Conflict of Laws, § 522; *Brodie v. Bickley*, 2 Rawle, 431; *Aspden v. Nixon*, 4 How. (U. S.) 467; *Stacy v. Thrasher*, 6 How. (U. S.) 44; *McLean v. Meek*, 18 How. (U. S.) 16; *Law v. Bartlett*, 8 Allen 259; 1 Freeman on Judgments, § 163.

The doctrine is not different where the same person is administrator in both States. His two administrations are regarded as wholly independent of each other; "so much so," says Mr. Redfield in his work on Wills (p. 26), "that a judgment recovered against the personal representative of the estate in one State forms no ground of action against such representative in another State."

The judgment was against the defendant in his representative capacity only; his representation of the estate was a qualified one; it did not extend beyond the assets of which the court in Florida appointing him had jurisdiction.

As said in *Jefferson v. Beall*, *supra*, "The defendant is [was] not personally a party, otherwise than as a commissioned representative of the court making the appointment and for the limits of its jurisdiction, so that beyond that jurisdiction he can exercise no authority, or do or omit any act which will affect the due administration of the trust by the local authorities. * * * The domestic representative has no authority to prosecute or defend suits in foreign jurisdictions, except by the permission and authority of the particular State, and only as to assets there located."

In *Johnson v. Powers*, 139 U. S. 159, the court used this language: "A judgment recovered against the administrator of a deceased person in one State is no evidence of debt, in a subsequent suit by the same plain-

tiff in another State, either against an administrator, whether the same or a different person, appointed there, or against any other person having assets of the deceased."

In *Johnson v. Johnson,* 63 Hun. 4, it was held that while the plaintiff represented the estate in Michigan and also in New York, he was simply a representative in each State; that as the administrator of the estate in New York he was a stranger to the Michigan judgment.

In *Ela v. Edwards,* 13 Allen, 48, the court held that if ancillary administration is taken out in another State upon the estate there of a deceasd citizen of Massachusetts, a decree of the judge of probate there, allowing a claim of the administrator against the estate, and finding a balance due to him over and above the assets coming to his hands, is not conclusive upon the court of Massachusetts, and will not entitle the administrator to charge for such balance upon his settlement of the estate in that State. The court said: "We are unable to find any just ground of distinction between the principles which govern this case and those which determined the decision in *Law v. Bartlett."* The case of *Law v. Bartlett* is decisive of the proposition that the two administrations are entirely independent of each other and there is no privity between the two administrators. See also *Reynolds v. Stockton,* 140 U. S. 272, and *Price v. Mace,* 47 Wis. 1.

The conclusion, from the foregoing principles announced and cases cited, is, that the judgment, the foundation of plaintiff's action, is *res inter alios acta,* and is not binding upon the defendant as a representative of the estate in this State. The complaint, being upon the judgment, does not state a cause of action, and judgment should have been rendered for the defendant in the court below.

Reversed and remanded.