(76 South. 376)

REED et al. v. BLOODWORTH.

(8 Div. 971.)

(Supreme Court of Alabama. June 21, 1917.)

1. EXECUTORS AND ADMINISTRATORS ⊜82 — ADMINISTRATION — REMOVAL TO CHANCERY COURT.

An executor, having a bona fide doubt as to the meaning of certain provisions of the will and as to the binding effect of judgments secured against an administrator appointed in another state, properly asked the direction of the chancery court in the administration of the estate.

2. EXECUTORS AND ADMINISTRATORS ⊜453(4) —JUDGMENT OF SISTER STATE—FORCE AND EFFECT.

The judgment against the administrator of the estate in Illinois is not of binding force against the executor under appointment by the probate court in Alabama.

3. EXECUTORS AND ADMINISTRATORS ⊜224— PRESENTATION OF CLAIMS — TIME — JUDGMENT IN SISTER STATE.

Although claimants had secured a judgment against the administrator in the state of Illinois, the claims were barred in Alabama, where they were not presented in probate proceedings by the executor in Alabama within 12 months, as required by Code 1907, § 2590.

Appeal from Chancery Court, Morgan County; James E. Horton, Jr., Chancellor.

Bill by F. A. Bloodworth, as executor of the last will and testament of John P. Parsons, deceased, against Harry Reed and others, in which respondents Reed and Eppler filed cross-bills. The demurrers to the original bill were overruled, while the demurrers to the cross-bills were sustained, and respondents Reed and Eppler appeal. Affirmed.

The original bill was filed by F. A. Bloodworth, as executor of the last will and testament of John P. Parsons, deceased, against the devisees and legatees named in said will and against certain creditors of said estate, including respondents Harry Reed and Augusta Eppler, residents of the state of Illinois. In the first paragraph of the bill it is alleged that on November 12, 1909, John P. Parsons executed his last will and testament (the will is then set out in full, but it

is not necessary to copy the same in this statement of the case). The heading of the will was as follows:

"The Last Will and Testament of John P. Parsons, of the Town of New Decatur, in the County of Morgan, and State of Alabama (Now Temporarily Living in the City of Pontiac, County of Livingston, and State of Illinois), Made in Duplicate and Published the Twelfth Day of November, in the Year of our Lord One Thousand Nine Hundred and Nine."

The second paragraph of the bill sets up, in full, the codicil to said will, executed by said Parsons on December 14, 1911, with the following heading:

"A Codicil to the Last Will and Testament of John P. Parsons, of the City of Pontiac, in the County of Livingston, and State of Illinois, Which was Made in Duplicate and Published the 12th Day of November, in the Year of our Lord One Thousand Nine Hundred and Nine."

The will, of date November 12, 1909, appointed F. A. Bloodworth (complainant), of New Decatur, Ala., the executor thereof, without bond. In paragraph 3 it is alleged that said Parsons died on July 29, 1912, in the city of Pontiac, Ill., where he was temporarily residing, but that he was at the time of his death a citizen of Morgan county, Ala. In paragraph 4 it is shown that on August 31, 1912, complainant filed his petition with the judge of probate of Morgan county, Ala., praying for the probate of said will; that an order was made on November 12, 1912, admitting said will and codicil thereto to probate, as the last will and testament of said Parsons, deceased. The succeeding paragraph, numbered 5, discloses the issuance of letters testamentary to the complainant, and his qualification as executor, by executing the bond required of him by order of the court; that he assumed the custody and control of the property of said Parsons situated in the state of Alabama; and that he has continued to have the custody and control thereof, and continued to perform the duties of such executor under the will, since the issuance of said letters testamentary to him, under the orders of the probate court.

Paragraph 6 shows that, immediately upon complainant's appointment and qualification as executor, he gave notice by publication in a newspaper of Morgan county published in the city of New Decatur, of his appointment as executor, and that all claims against the estate must be presented within the time required by law, which notice was within the requirement of the statutes and published for the required length of time. Paragraph 7 named some of the creditor's having claims against the estate, which claims have been duly presented. Paragraph 8 alleges that one Harry Reed pretends to be a creditor of the estate, and pretends that his claim is for the sum of $675, with interest thereon, and that the same is evidenced and based upon a note executed by said Parsons. Said paragraph then shows that one Charles E. Myers, of Livingston county, Ill., was, subsequent to the probate of the will in this state and the appointment of complainant as executor, appointed by the county court of Livingston county, Ill., administrator with the will annexed of the estate of said John P. Parsons, deceased. It further alleges that the claim of said Reed was duly filed in said county court, and was also reduced to judgment by said court; but it is averred in said paragraph that the claim of said Reed was never presented to the complainant as such executor, nor was the same ever filed in the probate court of Morgan county, from which court letters testamentary issued to complainant, within 12 months from the granting of said letters, and therefore said claim is barred and the payment thereof prohibited, and said Reed is not entitled to any rights against said estate, as a creditor thereof, under said claim. Paragraph 9 contains practically the same averments as paragraph 8, except that the same relate to the claim of respondent Augusta Eppler.

Paragraph 10 sets up that there is element of doubt and uncertainty as to who are the devisees under the will and codicil, and also as to their respective interests; that there is bona fide doubt as to the true intent and meaning of certain provisions of the will, and the effect which should be given to certain provisions; that it is therefore necessary that said complainant ask for a construction of the will by the chancery court, and the advice and direction of said court in the administration of said estate; and then follows certain specific matters, as to which there is alleged doubt, and as to which the direction of the court is also asked. In the succeeding paragraph it is alleged it is necessary that the administration of the estate be removed into the chancery court. A construction of the will is prayed, and direction asked as to the administration of the estate. It is also prayed that the court decree and ascertain the amount due each of the creditors, and direct the complainant in the payment of said claims, and further that the court decree that the judgment rendered in Illinois, in favor of respondent Reed against the estate of said Parsons for the sum of $675, is not binding upon the complainant as executor; that said judgment is not a charge or claim upon complainant as executor, and therefore said Reed is not entitled to assert any right against the complainant as executor on account of said judgment; that same does not confer any right upon said Reed as a creditor of said estate as against any assets belonging to said estate located in Alabama. It is further prayed that it be decreed that the failure on the part of said Reed to present said claim, as required by the laws of Alabama, has barred the same by the statute of nonclaim. The prayer of the bill as to Augusta Eppler is the same as that of said

Reed. There was also prayer for general relief.

Respondents Reed and Eppler separately filed answers, as well as demurrers, to the original bill for want of equity as against these respondents. The answer admits paragraphs 1, 4, 5, and 6. The answer sets up that said decedent was, at the time of his death, really a resident of Livingston county, Ill.; that that was his domicile; that the will was proved in that county, and letters of administration with the will annexed were issued in said county to Charles E. Myers. In paragraph 2 it is shown that on March 25, 1912, said decedent executed to said respondent his note for $600, with attorney's fees, etc., which was based upon a valuable consideration; that he presented his sworn statement of claim, as required by the laws of the state of Illinois, where the administrator resided, and obtained a judgment in said state against said estate, and that all proceedings were had in strict accordance with the laws of the state of Illinois; and that no part of the claim has been paid. The answer further sets up that, at the time of the execution of the codicil, decedent was a resident of Livingston county, Ill., and was a resident of Illinois at the time of his death, and denies that said decedent was, at the time of his death, or at the time of the execution of the will, a resident of Alabama. The answer further alleges that the claim of respondents is not barred, but that its presentation to the court having jurisdiction, and the judgment obtained thereon, established the validity of said claim against the entire estate of decedent, without the necessity of having to propound said claim in another jurisdiction.

The answer is prayed to be taken as a cross-bill, and complainant to the original bill is made party respondent thereto. It is prayed in the cross-bill that, "on final hearing, your honor will order and adjudge this cross-complainant to be a creditor of said estate, with right to share in the Alabama assets of said estate, pari passu with all other unsecured and unpreferred creditors of said estate"; that a judgment against F. A. Bloodworth, individually and as executor of the will of John P. Parsons, deceased, be rendered in favor of this defendant for the amount of said claim, as allowed by the county court of Livingston county, Ill.; and that execution be awarded, etc.—with general prayer for relief.

The answer and cross-bill of Augusta Eppler was the same as that of Reed, and need not be repeated.

The complainant to the original bill (respondent to the cross-bill) filed demurrers to said cross-bill, taking the point that the judgment rendered in the Illinois court against the estate of said decedent was not of binding force against complainant, as executor of the estate under appointment of the Alabama court, and affords no right of action against the Alabama executor of said estate, and further that said cross-bills show upon their face that said claims were not presented to said executor or filed in the office of the probate judge of Morgan county within the time and as prescribed by the laws of Alabama, and that therefore said claims are barred so far as the administration of said estate in this state is concerned.

The demurrers to the cross-bills were sustained. Said respondents Reed and Eppler prosecute this appeal, assigning errors to the action of the court in overruling their demurrers to the original bill, and in sustaining demurrers to their cross-bills.

E. W. Godbey, of Decatur, for appellants. D. C. Almon and Tennis Tidwell, both of Albany, for appellee.

GARDNER, J. Appellee was duly appointed executor of the estate of John P. Parsons, deceased, by the probate court of Morgan county, Ala., and has since been in the active discharge of his duties as such executor. Subsequent to the probate of the will of said decedent in this state, one Myers was appointed by the county court of Livingston county, Ill. (the domicile of the decedent at the time of his death), administrator of said estate with the will annexed in the state of Illinois, where the deceased owed certain debts. Appellants, Reed and Eppler, duly presented their claims, as creditors of said estate, in the county of Livingston, Ill., and afterwards brought suit and obtained judgments upon their respective claims against the Illinois administrator.

Appellee, as executor of the estate in Alabama, filed the original bill in this cause, the essential features of which appear in the foregoing statement of the case. He (appellee) asked for the removal of the administration of the estate into the chancery court, alleging the necessity for a construction of the will, and direction in regard thereto, and, in addition to these matters, alleged the claims of these appellants, as creditors of said estate, and asked the direction of the court in the ascertainment of the creditors and the amount due each, and that it be decreed that the claims of these appellants were not proper charges against the estate being administered by him.

[1] We are of the opinion that the executor, confronted with this situation, and entertaining these doubts in regard to his duties as to the administration of the affairs of said estate—particularly with reference to the binding force and effect of the claims of these appellants, evidenced by judgments obtained against the estate of decedent in the state of Illinois—may properly appeal to the court for direction concerning the same, in the administration of said estate, and that the original bill contains equity.

The cross-bills of these appellants seek to have the court declare that the judgments obtained in Illinois conclusively established the validity of their claims against the estate, and that they (appellants) be declared creditors of said estate, with the right to share in the Alabama assets of the estate pari passu with all the other unsecured creditors; that a judgment be rendered against the executor for the amount of said claims, as allowed by the, county court of Livingston county, Ill. In Johnston v. McKinnon, 129 Ala. 223, 29 South. 696, it was held by this court that an action of debt will not lie against an administrator in one state on a judgment recovered against a different administrator of the same intestate appointed under the authority of another state; the court saying:

"The reason is 'that, where administrations are granted to different persons in different states, they are so far deemed independent of each other that a judgment obtained against one will furnish no right of action against the other, to affect assets received by the latter in virtue of his own administration; for in contemplation of law there is no privity between him and the other administrator.' "

Reference is there made to the cases of Jefferson v. Beall, 117 Ala. 436, 23 South. 44, 67 Am. St. Rep. 177, and Braithwaite v. Harvey, 14 Mont. 208, 36 Pac. 38, 27 L. R. A. 101, and note, 43 Am. St. Rep. 625.

[2] It is clear, therefore, that under the above-cited authority of Johnston v. McKinnon the judgment against the administrator of the estate in Illinois is not of binding force against the executor under appointment by the probate court in this state. The demurrer taking this point was therefore well sustained.

[3] But it is insisted that, although the judgment may not be conclusive against the executor, yet, as the estate is one entire estate, the presentation of these claims in the state of Illinois, and judgment obtained thereon in said state, suffice to prevent the same from being barred by the statute of nonclaim; and this seems to be the question of prime importance on this appeal. Counsel for appellants has directed our attention to several authorities in support of his insistence: Dow v. Lillie, 26 N. D. 512, 144 N. W. 1082, L. R. A. 1915D, 754; Succession of Gaines, 46 La. Ann. 252, 14 South. 602, 49 Am. St. Rep. 324; In re Gable's Estate, 79 Iowa, 178, 44 N. W. 352, 9 L. R. A. 221; Wilson v. Hartford F. Ins. Co., 164 Fed. 817, 90 C. C. A. 593, 19 L. R. A. (N. S.) 553; Rader v. Stubblefield, 43 Wash. 334, 86 Pac. 560, 10 Ann. Cas. 20; In re Williams' Estate, 130 Iowa, 553, 107 N. W. 608; Hill v. Tucker, 13 How. 467, 14 L. Ed. 223.

We are of the opinion, however, that the question was decided adversely to the contention of appellants by this court in Jones v. Drewry, 72 Ala. 311. The facts of the case are fully set forth by the reporter, and the opinion treats very clearly and fully the very question here under review, concerning the statute of nonclaim, as including nonresident creditors. We will briefly review that authority: James W. Cook, the decedent, was a resident citizen of Virginia at the time of his death. He 'died in Virginia, possessed of a large estate, including two plantations in Alabama. His will was duly admitted to probate in each of these states, and by the terms thereof three persons were nominate'd as executors in Virginia, only one of whom qualified, and two other persons were nominate'd as executors in Alabama, one of whom subsequently resigned, leaving Samuel G. Jones as the sole acting executor in this state. The will provided that the plantations in each state be kept up by the executors, and that the executors in Alabama should make annual returns to those in Virginia of the proceeds accruing from the plantations in this state. James Drewry and others, citizens of Virginia, filed a bill in the chancery court of Montgomery county, Ala., against the widow and children of decedent, as his heirs at law and devisees under the will, and against said Jones, as executor, and sought to enforce satisfaction of the debts due to the complainants from said decedent out of certain lands situated in Montgomery and Lowndes counties, Ala., which belonged to the decedent at the time of his death, and which were in the possession of defendants, claiming under his will. The bill showed that the decedent at the time of his death owed a large number of debts in Virginia, which were still unpaid at the time of the filing of the bill, among them the debts of complainants; that the executor appeale'd to the courts of that state for a construction of the will, and the administration of said estate, making the devisees and certain creditors of the decedent, who had liens upon the estate, parties thereto; and in the process of the administration of said estate the court audited, adjudged, and allowed many debts to be due and paid out of the real and personal property of said estate, which judgments of the Virginia court are unreversed, and of full force and effect, the complainants' claims being among those so adjudged. It was further alleged that the property of said estate in Virginia was insufficient to pay said 'debts, and that said estate is insolvent, and, further, that there are no debts of said estate in Alabama unpaid, and that the assets of the estate in the hands of said Jones, other than lands, are of small amount, and that it is necessary to sell the said lands for the payment of debts of the said estate. The bill sought a sale of the lands in this state, so that all of the creditors of the estate might be paid a 'pro rata out of the funds, or, after paying all of the debts or liabilities in the state of Alabama, the surplus be transmitte'd to the executor of said estate in Virginia, to be administered according to law. The court, speaking through Chief Justice Brickell, held

that the established rule of law in regard to creditors is that the administration of assets of deceased persons is governe'd exclusively by the law of the place where the executor or a'dministrator acts, and from which he derives authority, and that the domicile of the intestate or testator, or that of the creditor, cannot authorize the introduction of another law, to defeat the law of the situs of the administration. The opinion 'directs attention to the fact that the original statute of nonclaim contained an exception in favor of "debts contracted out of this state," but that, subsequently, said exception was omitted, and the only persons' excepted from the operation of the bar of the statute were heirs or legatees, claiming as such, or ·minors or persons of unsound mind. From the opinion we take the following excerpts, as being directly applicable to the case here under consi'deration:

"The words of the statute are clear, unambiguous, and comprehensive: 'All claims against the estate of a deceased person must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary, or of administration; and if not presented within that time, are forever barred.' The construction of the statute has been in harmony with the undoubted significance of its words. Every claim, or demand, existing against the testator or intestate at the time of his death, or subsequently accruing—every legal liability of either character, to which the personal representative can be made to answer, in courts of law or of equity, or which can charge the assets in his hands subject to administration—is regarded as falling within the operation and bar of the statute. The Legislature having omitted the exception of 'debts contracted out of the state' from the bar of the statute, the courts are powerless again to introduce it. The omission is a clear signification of the legislative will that such debts shall fall within the operation of the statute. * * * There could have been but one purpose in the omission from the statute of 'debts contracted out of the state'; and that purpose is, that the general words of the statute embracing them should have full operation. * * * The validity or justness of the debts is not the question now involved. The question is whether the creditors have done an act which the statute of this state declares a condition precedent to their right to charge the assets subject to administration in the courts and under the laws of this state. The question was not involved, and could not have·been litigated, in the suit in which the decree in Virginia was rendered. * * * This statute requires the creditor to do an act within a specified time, to preserve his claim as a charge or incumbrance upon the estate of a deceased person. If the act be not done, whatever of justice there may be in his claim, however full may be the knowledge of the personal representative, or of heirs, or of legatees, or next of kin, entitled to the secondary right of the estate, of the existence and·justice of the claim, the bar of the statute can be avoided only by the presentment to the personal representative—the act which the statute requires. * * * Whether the statute operates a bar to the claim is the only question which was argued by counsel, and we confine our decision to it. In any view which we can take, we are constrained to the conclusion: It is a positive bar no court obeying the statute can disregard. The result is the decree of the chancellor must be reversed, and a decree here rendered dismissing the bill."

Section 2590 of the Code of 1907 limits the time of presentation of claims to 12 months, and, with this exception, in so far as the question here involved is concerned, is practically to the same effect as was the statute treated in Jones v. Drewry, supra. That case, therefore, is conclusive here to the effect that the claims of these appellants are barred by our statute of nonclaim, so far as the administration of the decedent's estate in this state is conce'rned. The case of Jones v. Drewry, supra, has not been questioned by any subsequent decisions,· but is found cited in Patrick v. Petty, 83 Ala. 420, 3 South. 779, and McDowell v. Brantley, 80 Ala. 173. It was decided many years ago, and no change, so far as the question here involved is concerne'd, has been made by the law-making power. It therefore expresses the settled law of this jurisdiction.

We have carefully considered the authorities relied upon by counsel for appellants, but we do not find that they have dealt with a statute of nonclaim with the peculiar legislative history as exists in this state, as pointed out in Jones v. Drewry, supra. The case of Dow v. Lillie, supra, from the Supreme Court of North Dakota, was clearly rested upon the statute of that state, an'd therefore cannot be of material aid here. Many of the authorities relied upon by appellants relate to the power of the court to order, upon a final settlement of the estate, the residuum thereof in the hands of the administrator in one state to be paid over or transferred to the administrator of the estate of the domicile of the 'decedent. The transfer of such residuum is a matter, not of jurisdiction, but of judicial discretion, depending upon the particular circumstances of each case, as was recognized by this court in Cochran v. Martin, 47 Ala. 525, and Childress, Adm'r, v. Bennett, 10 Ala. 751, 44 Am. Dec. 503. See, also, section 2712, Co'de 1907.

We have not that question before us, as it is not disclosed that the estate here in question is in process of final·settlement, or that there will be a residuum upon such settlement, nor were the cross-bills filed upon such theory. Upon final settlement of the estate here, if there is a residuum in the hands of the executor, the court may, and doubtless will, in its discretion, order the same transferre'd to the administrator in Illinois, rather than order a final distribution in this state. But that question is only incidentally here involved. In the case at bar, appellants by their cross-bills have sought to have their judgments and claims· pai'd out of the estate in the hands of the executor in this state, notwithstanding the fact that the judgments are not bin'ding on him and the claims were not presented in accordance with our statutes. The demurrers taking these points were properly sustaine'd and the·decree of the court below will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.