## BARTH v. ROBERTS et al.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1924.)

No. 4218.

Executors and administrators ⚖⟹225(1)—Claim against estate held barred by limitation.

> Under Code Ala. 1907, § 2590, providing that claims against the estate of a decedent shall be barred unless presented within 12 months after the granting of letters testamentary or of administration, or within 12 months after the same accrued, a claim against the estate of a stockholder of an insolvent corporation to recover an unpaid subscription for the benefit of creditors *held* barred, where more than 2 years had passed since the qualification of the executors and more than a year since the court authorized its receiver to take steps for its enforcement, and no action had been taken.

Appeal from the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge

Suit in equity by H. R. Roberts and others, executors of the will of William A. Roberts, deceased, against the Demonstration Plantation Company. J. S. Barth appeals from an order dismissing his petition of intervention. Affirmed.

C. M. A. Rogers, of Mobile, Ala., and Ernest C. Irwin and William Kaufman, both of Pittsburgh, Pa. (Stevens, McCorvey, McLeod .& Goods, of Mobile, Ala., and Watson & Freeman, of Pittsburgh, Pa., on the brief), for appellant.

Matthias Mahorner, of Mobile, Ala. (Gaillard, Mahorner & Arnold, of Mobile, Ala., on the brief), for appellees.

Before WALKER and BRYAN Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This appeal presents the question whether the claims of creditors of an insolvent corporation are barred by statute from being enforced against the estate of a deceased stockholder, who had not paid his subscription for capital stock which he held in such corporation. In 1915 the Demonstration Plantation Company was incorporated under the laws of Alabama. William A Roberts was one of the original subscribers to the capital stock of this corporation, and a certificate for 495 shares, fully paid, at a par value of $100 per share, was issued to him February 4, 1920, Roberts died, and April 2, 1920, his will was admitted to probate in Mobile county, Ala. January 3, 1921, Roberts' executors filed their bill in the District Court of the Southern District of Alabama, and averred that as such executors they held 370 shares of the capital stock of the Demonstration Plantation Company, which had been issued to Roberts, and applied for a receiver to take charge of that company's property and affairs. January 13 a receiver was appointed by the court

April 28 the appellant filed a petition of intervention, in which he alleges that Roberts paid nothing for his capital stock, that he is a creditor of said corporation, and that there are a large number of other

creditors, and on behalf of himself and them prayed, among other things, that the receiver be directed to institute any proceedings or take any action necessary to hold the estate and personal representatives of Roberts bound and obligated to pay Roberts' subscription to the capital stock of the corporation. May 9 the prayer of this petition was granted. No further steps are shown to have been taken by the appellant until August 8, 1922, when he filed another petition, alleging that the corporation was insolvent, and was possessed of no property or funds out of which creditors could be paid, and prayed that an order or decree of assessment be made against Roberts' executors for the amount due on his subscription. The District Court, on motion of the executors, who are appellees here, dismissed this second petition, on the ground that the claims of the appellant and the other creditors had not theretofore been filed with the executors or in the office of the judge of probate.

Section 2590, Alabama Code of 1907, is as follows:

"All claims against the estate of a decedent, other than the claims referred to in the preceding section [i. e., in favor of a personal representative, or his assignee or transferee], must be presented within twelve months after the same have accrued, or within twelve months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred, and the payment or allowance thereof is prohibited."

The appellant contends that this statute is inapplicable, because the claims of the creditors had not "accrued," and could not until a call had been made upon the stockholders by the directors or other duly authorized officers of the corporation, or until an assessment had been made by order of a court having jurisdiction. It is conceded that, where a corporation is insolvent, suit may be brought against the stockholders who have not fully paid their subscriptions. Hundley v. Hewitt, 195 Ala. 647, 71 South. 419. An accrued claim against an estate, which is not presented within one year, is barred by this statute. Reed v. Bloodworth, 200 Ala. 444, 76 South. 376; Kennedy v. Lyle, 200 Ala. 604, 76 South. 962. It has also been held that a claim may fall within the statute, though the right of action thereon has not accrued. In Chamblee v. Proctor, 203 Ala. 61, 82 South. 21, it is said:

"It is enough that the claim, the right to demand in the future, certainly exists. McDowell v. Jones, 58 Ala. 25. It is only contingent claims—claims which may never accrue—that fall within the provision postponing the presentation of claims accruing after the grant of letters."

It thus appears that a clear distinction is taken by the Supreme Court of Alabama between claims which are certain and those which are contingent. The case of Glenn v. Semple, 80 Ala. 159, 60 Am. Rep. 92, and the companion case of Lehman v. Glenn, 87 Ala. 618, 6 South. 44, relied on by the appellant, are of the latter class. In each of these cases the subscribers to the stock paid 1 per cent. of their subscription and agreed to pay the balance in such installments as might be called for by the company. In the first case it is said:

"The settled rule is that, where money is to be paid, or a thing is to be done, upon the happening of a contingency, or uncertain event, no cause of action accrues, and therefore no limitation can run until the contingency

happens, or the event takes place. The clear reason is that until then there is no breach of the contract, the obligation of the promise being in the meanwhile suspended."

The appellant did not file his first petition until more than a year had elapsed after the will was admitted to probate. Neither he nor the receiver took any action under the authority of the court to proceed in any necessary way to collect the claims, or filed them, either with the executors or in the office of the judge of probate. The appellant apparently abandoned any rights under the first order of the court, and filed his second petition more than a year after he filed his first petition. If the claims of the creditors as against the appellees were not barred by reason of the failure to file them within a year after the will was probated, clearly they were barred, under the Alabama decisions above cited, after a year had elapsed from the date of the decree authorizing the receiver to collect them.

The judgment is affirmed.