SHORES, Justice.
This case involves more than ten years of litigation in four separate court systems in two states. Appellants, a group of Detroit investors, originally filed suit against Ernest H. and J. D. Woods in the United States District Court for the Eastern District of Michigan. That suit generally alleged violations of federal securities laws on *1119 the part of the defendants in the formation and operation of a company known as the National Cibo House, a franchised fast food operation. Because of jurisdictional problems, many of the plaintiffs were severed from the federal litigation and, later, .in 1971, filed an action in Michigan state court. Personal service on both Ernest H. and J. D. Woods was had in the state litigation, and both were represented by Michigan attorneys.
On November 24, 1972, during the pend-ency of both the state and the federal litigation, and prior to judgment in either, Ernest H. Woods died. His last will and testament was filed for probate in Jefferson County, Alabama, where he resided, and letters testamentary were issued to his widow, the defendant here, Marie E. Woods, on December 8,1972. However, his Michigan attorneys did not learn of his death until the fall of 1974, nor was his widow made aware of the pendency of the Michigan action until that time. A stipular tion for substitution of parties was executed and filed for record in the state litigation on January 24, 1975, by counsel for plaintiffs. Default judgments were entered in both the federal and state court suits against Ms. Woods, as executrix of her husband’s estate, who refused to defend, contending that the claims were barred due to the failure of the plaintiffs to present such claims in a timely manner against the estate of Ernest H. Woods pursuant to the requirements of the Alabama non-claims statute, Code 1975, § 43-2-350. Plaintiffs then commenced this action in the Circuit Court of Jefferson County to enforce the judgment obtained in Michigan. Cross motions for summary judgment were filed both by plaintiffs and defendant based on the pleadings and affidavits of the various attorneys. In addition, it was stipulated by the parties:
That no claims by any of the plaintiffs in the lawsuit pending in the Circuit Court of Wayne County, Michigan were presented to the Probate Court of Jefferson County, Alabama against the Estate of Ernest H. Woods, deceased, within the six (6) month period of limitation as provided for in Tit. 61, Sec. 211, Code of Alabama 1940 (Recomp.1958), [now Code 1975, § 43-2-350] ....
After a hearing on the motions, the trial judge denied the plaintiffs’ motion and granted the defendant’s. This appeal was then taken by plaintiffs. For the reasons discussed below, we affirm the action of the trial court.
Both parties devote much of their briefs to the issue of the validity of the Michigan judgment. Under the view that we take of this case, it is unnecessary to reach that issue. Even assuming that the Michigan court properly obtained jurisdiction over defendant, and that the judgment is valid in all regards, plaintiffs/appellants are still barred from asserting their claim against defendant based on that judgment by our non-claims statute, Code 1975, § 43-2-350.
In determining which law applies, that of Michigan or that of Alabama, with respect to the failure of the plaintiffs to present a claim against Mr. Woods’s estate, we are guided by principles elaborated long ago by the United States Supreme Court. In Security Trust v. Black River National Bank, 187 U.S. 211,23 S.Ct. 52, 47 L.Ed. 147 (1902), that Court held that the time and manner of presenting a claim under a state non-claims statute is to be governed by the law of the state in which the claim is to be filed. See also Ransom v. Brennen, 437 F.2d 513 (5th Cir. 1971), wherein it is held that the time and manner in which a claim against a decedent’s estate must be proven is to be governed by the law of the state in which the proof is sought to be made. Thus, Alabama law is to be applied.
Code 1975, § 43-2-350(b), reads as follows:
All claims against the estate of a decedent, other than the claims referred to in subsection (a) of this section, whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited.
This bar cannot be waived by the personal representative of the decedent. Branch *1120 Bank v. Hawkins, 12 Ala. 755 (1848). “All claims” has been construed to mean:
Every claim, or demand, existing against the testator or intestate at the time of his death, or subsequently accruing — every legal liability of either character, to which the personal representative can be made to answer, in courts of law or of equity, or which can charge the assets in his hands subject to administration. .
Jones v. Drewry, 72 Ala. 311, 315 (1882).
Tort claims as well as contract claims are subject to the bar. Moore v. Stephens, 264 Ala. 86/84 So.2d 752 (1956). Claims represented by foreign judgments are not excepted from operation of the statute. Jones v. Drewry, supra.
Thus, although a judgment against an administrator is obtained in a sister state, the claims are nevertheless barred in Alabama where not presented within the time limit set by the statute. Reed v. Bloodworth, 200 Ala. 444, 76 So. 376 (1917).
Appellants contend that defendant is es-topped from asserting the non-claims defense by the stipulation of substitution of parties because, under Michigan law, she could have raised that defense prior to the stipulation. This, however, merely goes, once again, to the validity of the Michigan judgment. Even assuming that the judgment is valid, appellants must comply with Alabama procedure in seeking to enforce it. As stated in Jones v. Drewry, supra at 317:
The validity, or justness of the debts, is not the question now involved. The question is, whether the creditors have done an act which the statute of this State declares a condition precedent to their right to charge the assets subject to administration in the courts and under the laws of this State.
Appellants do not contend that they have complied with Code 1975, § 43-2-350. Their claims are thus barred, and the judgment of the trial court must be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.