NEIL, use &c. *versus* CUNNINGHAM'S EXECUTORS.

Where it appeared, that a demand against an estate had not been presented within eighteen months after the grant of letters testamentary, but, *that, the. demand had accrued after that period;* held,

That the demand was not precluded or barred under the statute of non-claim, as that statute does not commence running until the claim has accrued, or the party has a right to sue.

Neil brought an action of debt, in the Circuit Court of Madison, against Cunningham's executors, to recover an amount, alleged to have been due by the defendants' testator, as the surety of one Buford. Buford was the deputy of the plaintiff; and the cause of action was a sum of money, paid by Neil, to another, for Buford's default. The statute of non-claim was interposed to the recovery of the plaintiff, and the Court below, decided that the claim should have been presented within eighteen months after the grant of letters testamentary on Cunningham's estate. There was, under this opinion of the Court, a judgment for the defendants; and, on a bill of exceptions, the plaintiff brought the case to this Court, and insisted, that as the money for Buford's default was not paid by him until after the grant of letters, the statute formed no bar, but that the eighteen months commenced running, if at all, when the cause of action accrued.

HOPKINS, for Plaintiff—cited 2 *Call. Rep.* 322—4 *Day's Rep.* 476.

McCLUNG, *contra.*

By Mr. Justice HITCHCOCK :

This case comes before the Court, upon an exception to the opinion of the Judge of the Circuit Court of Madison county, upon the construction of the sta-

tute of non claim. The defendants were sued as ex-
ecutors of J. B. Cunningham, who was the security
of one Buford, who was a deputy sheriff under the
plaintiff, and who had had money to pay, as sheriff, for
said Buford's default. More than eighteen months
had elapsed after the death of Cunningham, and the
grant of letters testamentary to the present defendants
before the demand was made by the plaintiffs of them,
for the sum paid for Buford's default, but less than
that time had elapsed after the payment of the mo-
ney by the plaintiffs, and the demand. The Court be-
low, allowed the bar, and decided that the claim should
have been presented within eighteen months after the
grant of letters testamentary on Cunningham's estate.

By our statute of non claim,[a]  "all claims against
the estates of deceased persons shall be presented to
the executor or administrator within eighteen months
after the same *shall have accrued*, or within eighteen
months after letters testamentary or letters of admin-
istration shall have been granted, and not after, and
all claims not presented within the time aforesaid,
shall be forever barred from a recovery;" with the
exceptions of minors, femes covert, persons insane, or
non compus mentis, debts contracted out of the state,
and claims of heirs and legatees claiming as such.

*  Ilk. Dig.153, 6.

The claim of the present plaintiff, was for money
he had been compelled to pay for Buford, whose se-
curity the present defendant's testator was. It did
not *accrue*, within the meaning of the statute, until he
had paid it. It is true, he held Cunningham's bond,
but it created only a contingent liability which might
never become absolute. Neil was sued—Buford was
defending—the default of Buford might never be es-
tablished, and when established, he might pay it.
Neil was not at liberty to make a voluntary pay-
ment, or at least he was not bound to, in order to

NEIL *vs.* CUNNINGHAM'S EXECUTORS.

be able to call upon Cunningham's executors, and they were not bound or authorised to pay until Neil had been legally compelled to pay the default of Buford. There was, therefore, no use in making the claim, and the law will not require that to be done, which, when done, is of no use. Suppose Buford's default had not happened until eighteen months after Cunningham's death, and as much longer time had elapsed before Neil had been compelled to pay, could he have no redress? Suppose the estate had been divided among the heirs, could he not sue them? Surely he could. The first clause in the sta-. tute was to embrace such cases as this.· It contemplates cases which may arise when the claim may not accrue until after eighteen months has elapsed from the grant of letters, and if the party brings himself within that time he may recover.

The decision of this Court, in the case of *Bigger, adm'rx.* vs. *Hutchings & Smith, adm'rs,*[a] does not con- ·a 2 Stew't, 445. flict with the views taken in this case. The principle of that case is, that where the claim has accrued, as was the case there, for it was on a judgment by attachment in Georgia,. against the defendants' intestate, it must be presented in within eighteen months, and the mere issuing of a writ which was afterwards dismissed, was not a sufficient presentation. It must be in such manner as "to furnish the administrator with such vouchers and reasonable evidence as might induce a belief that the claim was just."[b]·

b 2 Stew't, 448.

In this case, the bond was shewn to the executors, and within eighteen months; but at that time there had no *claim accrued,* and as the act was not required, it is not necessary to decide, therefore, whether it would have been a good presentation to bar the claim if it had then accrued.

The case cited from 4 *Day's Rep.* 476, is in point.

The act of Connecticut is similar to ours in this respect, allowing two years for the bar, and it was there decided, that the statute did not begin to run until the plaintiffs had a right to sue.

The judgment must be reversed, and the cause be remanded.