NETTLES, adm'r, *vs.* BARNETT.

1. At common law, actions that arise from contracts, for the payment of money, or for the performance of duties where property is in question, survive to the executor or administrator —actions for injuries to the person, character or property of individuals, die with the person.

2. The statutes modifying this rule, do not extend relief against the executor or administrator, for an injury to personal property, committed by the testator or intestate.

3. The statute of eighteen hundred and twenty-six, provides that all actions of trespass *quare clausum fregit*, and actions to recover damages for injuries to personal property, may, if the *plaintiff* dies, be revived by his executor or administrator, in the same manner as actions on contracts, but does not apply to *defendants*.

4. Trover, where property has been converted, or an action for money had and received, on an implied contract, waiving the injury, may be maintained against an executor or administrator, where the property has been sold by a testator or intestate ; and if the property be in specie, in the hands of the personal representative, he can be made personally amenable for it.

5. But an action of trespass proper, does not survive against the representative of the wrong doer, where commenced in his life time ; and in such case, the representatives cannot make themselves parties, to the suit.

Error to the Circuit court of Wilcox.

Trespass, tried before *Harris*, J.

This was an action of trespass, brought by Barnett, as an acting constable, against the intestate. In the declaration, the plaintiff alleged, that as constable, he had levied certain executions, on one hundred and fifty bushels of corn, the property of one John B. Barefoot, the

defendant in the executions—which corn he took possession of; when the intestate, with force and arms, &c. broke and entered the barn, where the corn was housed, and took and carried the same away, and converted, &c. by means whereof the plaintiff lost, and was deprived of the profits and benefits which would have accrued to him from the sale of the corn, and which had subjected him to loss and damages.

At a succeeding term, the death of the intestate was suggested, and the plaintiff in error, the administrator, made party to the suit. Verdict for plaintiff below; on which judgment was rendered *de bonis intestatis*.

The bill of exceptions disclosed proof of a levy on the corn: that the day before the levy, plaintiff had levied on two horses, which were of more value, than the amount called for by the executions levied: that the corn had been sold while growing, and before matured, (two months before the levy,) to the intestate, and that the defendant in execution had then received pay for the corn. The corn was placed in an old house without a door, on the land where raised, which was rented land. The witness (who was the defendant in the executions,) also proved that he had rescued the horses from the plaintiff. There were about one hundred and fifty bushels of corn.

Another witness proved the purchase of the corn, and that payment was made for it before the levy, but that it was not carried away until after the intestate said he had bought one hundred bushels from defendant in the execution, and paid for it, and would have it, notwithstanding the levy.

The defendant desired the court to charge the jury,

Nettles, adm'r, *vs.* Barnett.

that a levy of property, sufficient to satisfy the execution, discharged the debt, so far as to vest a *good. title* in a *pur-chaser* for a valuable consideration, although the property was rescued, and that the officer was liable to the plaintiff in execution.

But the court charged the jury, that the levy on the horses, must be totally disregarded, as it did not deprive the officer of the right to levy on other property, after the rescue by the defendant in execution. The court further charged, that the rule of law which requires a delivery of personal property to perfect a contract, at the time of the sale, was universal, to which defendant excepted.

And here assigned for error :

1. The charge asked and not given, and the charges as given;

2. That the court erred in rendering judgment against defendants.

*Clarke*, for the plaintiff in error.
*Porter*, contra.

*Clarke*, for plaintiff, contended—

That an action of trespass *de bonis asportatis,* commenced against the wrong doer, could not be revived against his representatives in the event of his death—and referred to Aik. Dig. 260; Ch. Pl. 60 and 82, marg.; Toller, 459; Hambly vs. Trot, 1 Cowp. 371; People vs. Gibbs, 8 Wend· 29; Nicholson vs. Elton, 13 S. & R. 415; Latimore, &c. vs. Simmons, ib. 183.

GOLDTHWAITE, J.—One of the assignments of error presents a question, which is, in our opinion, decisive of this case, and renders it unnecessary to express any judgment, on those arising from the bill of exceptions.

It is an ancient and uncontested maxim of the common law, that personal actions die with the person. These actions have never been understood to be those which arise from contracts, for the payment of money, or for the performance of duties where property is in question; but the maxim is confined in its government, to those actions for injuries to the person, character or property of individuals. It was early perceived in England, as personal property became more and more valuable, that it ought to be in some degree withdrawn from the rule, admitted to prevail. Accordingly, the statute of 4th Edward 3, ch. 7, was enacted, which gave an action to an executor, for an injury done to the personal property of his testator in his life time, which was subsequently extended by other statutes, to the executor of an executor, and to an administrator.

The construction which these statutes have received in the English courts, has extended the remedy of an administrator or executor to almost every species of action for injuries to the personal property of the intestate or testator. But they have never been held to extend relief against the executor or administrator, for an injury of the same character committed by his testator or intestate—(1 Saund. 216, n. 1.)

In this State, the statutes of Edward III have been adopted, and even extended, by the act of eighteen hundred and twenty-six, (Aik. Dig. 260, s. 6 which pro-

Nettles, adm'r, *vs.* Barnett.

vides that all actions of trespass *quare clausum fregit,* and actions of trespass to recover damages for injuries to personal property, may, if the *plaintiff* dies, be revived by his executor or administrator, in the same manner as actions on contracts. It will be seen, however, that none of the terms used by this act, will authorise an inference, that it was intended to apply to the case of *defendants;* and indeed it might well be questioned, whether there is not much reason why no right of survivorship should be given for such injuries *against* an individual; as the only use of the particular form of action would be to authorise the rendition of vindictive damages. As the action of trover by statute survives for and against executors and administrators, this form of action will give ample relief, where the personal estate has been converted previous to the death. Or, if it has been sold, an action for money had and received on the implied contract, waiving the injury, can be maintained. If the property remains in specie, in the hands of the personal representative, he could be made personally answerable for it.

If this form of action is permitted to survive against a personal representative, it would be governed by the same rules as an original suit, and vindictive damages might be awarded after the death of the wrong doer. This is one of the evils which was restrained by the maxim of the common law, and none of the legislation on this subject authorises the inference, that a different rule was intended to be given. The construction given to similar statutes in other States, has been the same as now given by us.

8 P.	24

Nettles, adm'r, *vs.* Barnett.

In the case of Nicholson vs. Elton, (13 S. & R. 415,) the precise question now presented arose, and was determined in conformity with the views we have expressed. So, in the case of Stebbens vs. Palmer, (1 Pickering, 71,) an action for breach of promise of marriage was held not to survive, though in form, an action *ex contractu.* (See also Hinch vs. Metzer, 6 S. & R. 272; Lattimore vs. Simmons, 13 S. & R. 183; Hambly vs. Trott, Cowp. 376.)

The defendant to the action having died pending the suit, it thereby abated, and could not be revived. It was irregular, to permit his administrators to make themselves parties, and for this error, the judgment is reversed, and a judgment here rendered, abating said suit.