## William A. Hicks *vs.* Mary E. Wilbur, Ex.

### JULY 9, 1915.

Present:  Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Probate Law.  Unfaithful Administration.  Procedure.*

On a petition to have an administrator declared guilty of unfaithful administration, in not paying a claim filed against the estate, which had not been disallowed, the petitioner is not required to show affirmatively that the administrator had sufficient assets to pay in full all creditors who had filed their claims within six months after the first publication of notice, but if by reason of lack of funds the administrator would excuse his failure to pay the claim, he should present that matter in defence to the petition.

*(2)  Probate Law.  Filing Claims in Tort and for Unliquidated Damages.*

Under Gen. Laws, 1909, cap. 314, § 3, claims arising in tort or for unliquidated damages, must be filed in the probate court.  Failure of an administrator to disallow a claim in tort must be deemed an allowance of it at least as to· liability if not as to damages.

*(3)  Probate Law.  Failure to Disallow Claim.*

Although it appeared that an administratrix was a woman inexperienced in. probate matters, and that at about the time of the filing of a claim in tort against the estate she was away from home, and that she was ignorant of the provisions of the statute and unaware of the filing of the claim until the time for its disallowance had elapsed, she is not relieved from the legal consequences of the failure to disallow.

*(4)  Probate Law.  Claim in Tort.  Failure to Disallow.  New Trial.  Unfaithful Administration.*

Petitioner filed a claim in tort in a probate court which was not disallowed. Petition was filed to have administratrix declared guilty of unfaithful administration and denied.  On appeal in the Superior Court, no evidence was produced by petitioner as to the reasonableness of the amount claimed as damages.  Evidence was introduced by the administratrix tending to show that the amount of the claim was out of all just relation to the damage suffered by petitioner.

*Held,* that as the action of the administratrix showed a case of default through ignorance, and as the amount claimed was exorbitant, the claim should be treated as one in which no amount was named and the administratrix should not be declared guilty of unfaithful administration until petitioner had demanded a reasonable sum and had been refused, and upon that point petitioner should have the opportunity to present evidence.

*Held,* further, that the petition would be remitted to the Superior Court for a new trial, but the question of liability should not be inquired into owing to failure of administratrix to disallow the claim; that a decree of unfaithful administration should not be entered unless it appeared that the original demand of petitioner was just and reasonable and if the court should not so find, the petition should be denied.

BAKER, J., dissenting.

PROBATE APPEAL. Heard on exceptions of respondent and sustained.

SWEETLAND, J. The above entitled case is an appeal from the decree of the probate court of Scituate denying the petition of said William A. Hicks asking that the respondent as executrix of the will of her late husband, Frank H. Wilbur, be declared guilty of unfaithful administration of said estate.

It appears that the said Frank H. Wilbur died on February 19, 1913; that his will was proved and letters testamentary issued to this respondent as executrix of said will April 10, 1913; that said respondent first published notice of her appointment as such executrix on April 28, 1913. On October 23, 1913, the petitioner filed the following statement of his claim against the estate of Frank H. Wilbur in the office of the clerk of the probate court of Scituate.

"To the Honorable Probate Court of the Town of Scituate. *In re* Estate of Frank H. Wilbur, Dr.

"The undersigned hereby files this his claim against the estate of Frank H. Wilbur, Mary E. Wilbur, executrix, which was a valid and legal claim in the life time of said Frank H. Wilbur, deceased.

To damages to the real estate and property of William A. Hicks, of Scituate, by reason of breaking and entering the close of said William A. Hicks by Frank H. Wilbur, late

of Scituate, and trespasses committed therein and thereon by said Frank H. Wilbur in his life time, One Thousand Dollars,.

WILLIAM A. HICKS

By his attorneys

COONEY & CAHILL

Claimant's address

William A. Hicks

Hope, R. I.

R. F. D. No. 1

Filed October 23, 1913."

The respondent as such executrix did not disallow said claim of the petitioner within thirty days after the expiration of six months after the first publication of notice of her appointment as executrix. The respondent has not paid said claim of the petitioner. On March 26, 1914, the petitioner preferred his petition to said probate court setting out that he had filed said claim; that the respondent had failed to disallow the same and had not paid the same; that the continuance of the respondent in her office of executrix would be prejudicial to the petitioner as a creditor of said estate and concluding with the following as the sole prayer of the petition:

"Wherefore he prays that a citation issue from this. Honorable Court directed to said Mary E. Wilbur, commanding her at a time therein to be stated, to be and appear before your Honorable Body and show cause why she should not be adjudged guilty of unfaithful administration of the personal estate of the said Frank H. Wilbur."

The probate court of Scituate entered its decree denying said petition; and the petitioner appealed from said decree to the Superior Court. Said petition was heard before a justice of the Superior Court without a jury. Said justice filed his decision sustaining said appeal. To said decision the respondent excepted; and the case is before us upon said exception.

In support of said exception the respondent urges, among other things, that no testimony was offered by the petitioner

to show that before the filing of said petition the respondent had sufficient assets to pay in full all creditors who had filed their claims within six months after said first publication of notice. She bases this contention on the language of Chapter 314, § 7, Gen. Laws, 1909, which is as follows: "After the expiration of said six months and filing a statement of claims disallowed, if any there be, as provided in the preceding section, the executor or administrator, if he have sufficient assets to pay in full all creditors who have filed their claims within six months, shall pay claims not disallowed, and shall pay claims so filed and disallowed when proved."

(1)

Whether or not the respondent had sufficient funds as set out in said section is a matter within her knowledge and not the knowledge of the petitioner. If by reason of lack of funds she would excuse her failure to pay the claim of the petitioner, she should present that matter in defence to the petition. In *Fitz-Simon* v. *Fitz-Simon*, 28 R. I. 555, at 560, this court places the burden upon executors or administrators to show "any necessity as to the assets of the estate which would require further time for payment."

The respondent also urges that said claim of the petitioner is not one which the statute required the petitioner to file and hence it is not one as to which her failure to disallow amounts to an allowance thereof, under the construction of the statute adopted in *Fitz-Simon* v. *Fitz-Simon*, 28 R. I. 555. The respondent's contention is that as said claim was merely an unliquidated claim for damages for trespasses upon the petitioner's land, stated to have been committed by the deceased during his lifetime, it was not a claim which could, at the time of the filing thereof "be proved as a debt" against the estate of the deceased. For this reason the respondent maintains that said claim is a contingent claim and need not be filed or disallowed. She takes this position because of certain language in Section 42 of Chapter 314, with reference to "a contingent claim against a deceased person which cannot be proved as a debt within the time allowed for filing claims." Most, if not all, contingent

claims arise out of some form of contract or covenant and hence may be proved as debts after the happening of the contingency on which they depend. Some by reason of the earlier happening of the contingency may be proved as debts within the time allowed for filing claims. Section 42 of said Chapter 314 and the following sections deal with contingent claims which cannot be proved as debts within the time allowed for filing claims. Because the statute uses the language: ''a contingent claim against a deceased person which cannot be proved as a debt,'' the argument is by no means warranted that all claims which cannot be proved (2) as debts are therefore contingent claims. A claim in tort, as to which a right of action arose immediately upon the doing of the wrong, may not be proved as a debt, but it is by no means a contingent claim. Whether the claimant in tort will recover is uncertain; but this is true of all claimants, whatever be the nature of their claims, whether for liquidated or unliquidated damages, or whether the claim arises in tort or in contract; and, if such claimants are allowed to recover, the amount of the damages which may be awarded is uncertain, but these circumstances do not render their claims contingent. A contingent claim within the meaning of the statute is one that depends for its effect upon some future event which may or may not happen. Until that event happens a right of action upon said claim does not arise.

The evident purpose of the statute would be defeated if we should exempt from its operation persons having claims arising in tort or for unliquidated damages. Section 3, Chapter 314, provides that: ''All persons having claims, including pending suits, preferred claims, and claims of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court.'' We are of the opinion that under the broad language of this provision statements of claims arising in tort and of claims for unliquidated damages must be filed in the probate court or such claims will be barred. It was the duty of the respondent within thirty

days after the expiration of six months from said first publication to file in the office of said clerk of the probate court a disallowance of said claim if she wished to contest it. Failing to do so she must be held to have allowed the same, at least as to liability if not as to damages.

(3) Although it is apparent from the transcript of evidence that the respondent was a woman without experience in the settlement of estates in probate courts; that at about the time of the filing of said claim she was away from home and at work in East Providence; that she was ignorant of the provisions of the statute and unaware of the filing of said claim until the time for its disallowance had elapsed, these circumstances do not relieve her from the legal consequences of her failure to disallow. The case, however, upon the evidence before the Superior Court, presents features of great hardship and probable oppression. In accordance with the view of the case taken by counsel for the petitioner, and also by the court, no evidence was produced by the peti-

(4) tioner at the trial in the Superior Court as to the reasonableness of the amount claimed by him as damages for the alleged trespasses of said testator. Evidence was introduced by the respondent tending to prove that the alleged trespasses consisted in the continued taking of water by said testator from a spring upon a farm in Scituate, the title to which spring was in dispute between the petitioner and said testator in the latter part of the testator's lifetime; that at one time shortly before the testator's death the petitioner offered to permit the testator to take water from the spring upon the payment to the petitioner of a rental of one dollar per week. From the testimony it appears to us that the amount of the petitioner's claim is out of all just relation to any possible damages which the petitioner suffered by reason of the trespasses claimed. It is true that the respondent by disallowing the claim would have obtained ample opportunity to contest not only the question of liability, but also of damages. If however we permit a decree of unfaithful administration to be entered against the respond-

18

ent, in view of the consequences of said decree to the respondent and her sureties, we would be imposing a penalty upon the respondent disproportionate to her neglect, and would permit the consummation of what would be a great injustice under the form of law as the case now appears to us. In a defaulted action at law for tort, judgment is not at once entered in favor of the plaintiff for the amount of the *ad damnum* in his writ, but he is required to satisfy the court as to the just amount of his damages by sufficient oral testimony presented before the court. It does not seem to us that a different rule should obtain in the case at bar. Although this court has held that a failure to disallow amounts to an allowance, in this case it appears that the respondent did not fail to disallow because of any intention to allow, but that such failure was clearly a case of default through ignorance. This court has said in *Anderson* v. *Williams*, 26 R. I. 64, at 66: "We should hesitate to apply the bar of the statute . . . to a claim which omitted to state unliquidated damages." In the case of a claim against the estate of a decedent for unliquidated damages or of a claim against such estate for damages arising from a tort, if the claimant did not state the amount of his damages, and if the personal representative failed to disallow and hence allowed the claim, the question would arise: what should the personal representative pay to the claimant? Manifestly the just amount of the claim. Until the personal representative refused to pay such just amount he should not be held guilty of unfaithful administration. In the case at bar the amount claimed is so exorbitant and unjust, according to the testimony now before us, that said claim should be treated as one in which no amount is named; and the petitioner should not have the decree he seeks until he has demanded a just and reasonable sum and has been refused. For the reason named above we have before us only the evidence presented by the respondent bearing upon the question of damages. It would be unjust to the petitioner to dismiss his petition without giving him an opportunity to present evidence upon that question.

We think justice requires that the case be remitted to the Superior Court for a new trial. The question of whether or not the testator was guilty of trespass should not be inquired into because of the failure of the respondent to disallow said claim. A decree that the respondent has been guilty of unfaithful administration should not be entered unless it appears that the petitioner in demanding the sum of one thousand dollars from the respondent has demanded a just and reasonable amount of damages upon said claim. If it should be found by the Superior Court that the amount of his demand is warranted a decree in his favor should be ordered. If the Superior Court should not so find his petition should be denied.

The petitioner has not prayed that the respondent be removed from office; and in our opinion the circumstances, in any event, would not warrant more against this respondent than a decree declaring her to be guilty of unfaithful administration.

The case is remitted to the Superior Court for a new trial in accordance with the foregoing directions.

BAKER, J., dissenting. I am unable to concur in the foregoing opinion in so far as it decides that where a claim for damages specific in statement as to amount, based upon the tortuous conduct of a decedent, is duly filed against his estate and not disallowed the resulting allowance thereof under the statute extends only to the question of liability and not to the amount of damages. The claim filed by Mr. Hicks clearly states that it is founded on alleged trespasses of the testator and names the resulting damages as $1,000. In my judgment the proper interpretation of Chapter 314 of the General Laws requires us to hold that the failure to disallow the claim is in effect its allowance *as filed*. The statute does not contemplate allowance in part and disallowance in part as the result of a failure to disallow it at all. The provision in Section 7 of said chapter that after the expiration of the period within which disallowance of claims may be

made "the executor or administrator . . . shall pay claims not disallowed" seems clearly to imply the payment of claims as filed, which have become incontestable because not disallowed. The claim of the petitioner impresses me as an unconscionable one in amount which in good conscience ought never to have been made and ought not now to be pressed. Its enforcement against Mrs. Wilbur will apparently be a great hardship. Nevertheless I am unable to see how she can obtain relief in this proceeding and think that the respondent's exception should be overruled and that the case should be remitted to the Superior Court for the entry of a decree in conformity with the decision of that court.

*Cooney & Cahill*, for appellant.

*William J. Brown, Archibald C. Matteson*, for appellee.