(82 South. 21)

## CHAMBLEE v. PROCTOR et al.
### (6 Div. 901.)

(Supreme Court of Alabama. May 22, 1919.)

1. EXECUTORS AND ADMINISTRATORS ☞472—ORDER CITING TO FINAL SETTLEMENT—APPEAL.

Order citing an administrator to a final settlement of his account supports his appeal.

2. EXECUTORS AND ADMINISTRATORS ☞224—FINAL SETTLEMENT—EFFECT ON MORTGAGE—FILING OF CLAIM TO PRESERVE DEBT.

A mortgage is not affected by any settlement of the administrator made in probate court in advance of its due date, but in order to preserve the debt as a charge against the intestate's general estate, filing of claim is necessary under Code 1907, §§ 2590, 2593.

3. EXECUTORS AND ADMINISTRATORS ☞459—FINAL SETTLEMENT—TIME—EFFECT OF UNVERIFIED CLAIM.

Twelve months having elapsed since the granting of letters of administration, and the estate of the intestate being ready for final settlement in all other respects, an outstanding claim not verified as required and brought forward by the administrator furnished no sufficient reason for delay.

4. EXECUTORS AND ADMINISTRATORS ☞224—PRESENTATION OF UNMATURED CLAIMS.

A claim against the estate of an intestate may fall within the operation of the statute of nonclaim (Code 1907, § 2589), though the right of action thereon has not accrued; it being enough that the claim, the right to demand in the future, exists; contingent claims alone falling within the provision postponing the presentation of claims accruing after the grant of letters.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Petition by Annie Proctor and others against John W. Chamblee, administrator, etc. From an order citing defendant to final settlement, he appeals. Affirmed.

Chamblee & Chamblee, of Birmingham, for appellant.

A. C. & H. R. Howze, of Birmingham, for appellees.

SAYRE, J. [1] This appeal is supported by the order citing appellant administrator to a final settlement. Howard v. Howard, 26 Ala. 682; McDaniel v. Whitman, 16 Ala. 343. The motion to dismiss is overruled.

[2-4] On the facts alleged in the petition appellant's administration of the estate in his keeping was ready for final settlement. Nor did appellant in his answer urge any material thing to the contrary. Of course the mortgage security held by Messrs. W. H. & H. U. Sims on real property of the estate of intestate could not be affected by any settlement made in the probate court in advance of its due date, but, in order to preserve their debt as a charge against intestate's general estate, filing was necessary under the statute. Code, §§ 2590, 2593. The outstanding claim brought forward by appellant, was not verified as required (Brannan v. Sherry, 195 Ala. 272, 71 South. 106), and, 12 months having elapsed since the grant of letters, and the estate being ready for final settlement in all other respects, the claim furnished no sufficient reason for delay. Appellant contends that intestate's estate was not ready for the final settlement to which he was summoned, for the reason that the Sims debt, due in 1921, had not accrued within the meaning of section 2589 of the Code, and was therefore not yet ripe for presentation. But a claim may fall within the operation of the statute of nonclaim, though the right of action thereon has not accrued. It is enough that the claim, the right to demand in the future, certainly exists. McDowell v. Jones, 58 Ala. 25. It is only contingent claims—claims which may never accrue—that fall within the provision postponing the presentation of claims accruing after the grant of letters. Farris v. Stoutz, 78 Ala. 130.

The court committed no error in sustaining the demurrer to appellant's answer to the citation.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes