66 So.2d 757

### Ex parte ZEPERNICK.

I Div. 539.

Supreme Court of Alabama.

June 18, 1953.

Rehearing Denied Aug. 11, 1953.

Vickers & Thornton, Mobile, for petitioner.

Howell & Johnston and Caffey, Gallalee & Caffey, Mobile, for respondent.

STAKELY, Justice.

The question for decision is whether the circuit court has original and independent jurisdiction of a suit against the personal representative of a decedent for wrongful death committed by decedent for which a claim has been filed in the office of the probate court in the pending administration of the estate of the decedent. By Act approved September 5, 1951, which appears as § 150, Title 7, Code of 1940, it is provided as follows:

"All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal causes of action survive against the personal representative of a deceased tort feasor."

This case arises on a petition for a writ of prohibition or other appropriate writ directed to the Hon. Claude A. Grayson, as Judge of the 13th Judicial Circuit of Alabama, who overruled demurrers to a complaint filed against the personal representative of a decedent for an alleged tort committed by the decedent. The cause is submitted here on the petition and on the demurrer of Judge Grayson.

The petition in this case alleges the death of Linnie W. Cornell and the appointment of Ada W. Zepernick, the petitioner

herein, as executrix of her estate by the Probate Court of Mobile County, Ala.

On May 19, 1952, a claim was filed in the Probate Court of Mobile County, Alabama, by Walter N. Malone as administrator of the estate of Stella Kate Malone, deceased, pursuant to the provisions of § 211, Title 61, Code of 1940, for the wrongful death of Stella Kate Malone in an automobile accident in Greene County, in the State of Mississippi, on towit the 27th day of October, 1951, the complaint alleging that the death of Stella Kate Malone was caused by the negligent operation of an automobile by Linnie W. Cornell. The statutes of the State of Mississippi are set up and it is also alleged that under the statutes of Mississippi the cause of action for wrongful death survives the death of Linnie W. Cornell, the tort feasor. On the 30th day of December, 1952, the petitioner here filed a contest of the aforesaid claim in the Probate Court of Mobile County, Alabama.

On the 19th day of June, 1952, suit was filed against the petitioner in the Circuit Court of the 13th Judicial Circuit of Alabama on the same claim filed in the Probate Court of Mobile County, Alabama, as hereinabove set out. Thereafter a demurrer was interposed to the complaint, on the ground among others that the circuit court did not have jurisdiction of said cause of action but that said claim must be heard in the probate court from which an appeal would lie to the circuit court. Thereafter, on the 12th day of January, 1953, the respondent Judge, the Hon. Claude A. Grayson, overruled the demurrer, holding, in effect, that the circuit court did have jurisdiction notwithstanding the fact that the aforesaid claim was pending in the probate court.

■ It is contended here as it was contended in the circuit court that the circuit court is without jurisdiction in this case. If the petitioner is correct in this contention, it is obvious that this court has the right to issue the writ of prohibition or other remedial writ. Ex parte State, 150 Ala. 489, 43 So. 490, 10 L.R.A., N.S., 1129; Ex parte Wilkinson, 220 Ala. 529, 126 So. 102.

■ Of course, the cause of action in this case, if any, is determined by the law of the State of Mississippi, where the alleged tort was committed. Dawson v. Dawson, 224 Ala. 13, 138 So. 414.

The Constitution of Alabama of 1901 gives a complete answer to the contention that the circuit court has no jurisdiction of the aforesaid action. Section 143 of the Constitution of 1901 provides as follows:

"The circuit court shall have original jurisdiction in all matters civil and criminal within the state not otherwise excepted in this constitution; but in civil cases, other than suits for libel, slander, assault and battery, and ejectment, it shall have no original jurisdiction except where the matter or sum in controversy exceeds fifty dollars."

Pursuant to the foregoing constitutional provision, subsection 1 of § 126, Title 13, Code of 1940 provides that,

"The circuit court has authority:
"1. To exercise original jurisdiction of all felonies and misdemeanors; of all actions for libel, slander, assault and battery and of ejectments without regard to the amount involved; and of all other suits and actions at law when the matter or sum in controversy exceeds fifty dollars; and in all causes in equity."

There is no statute which undertakes to take away the jurisdiction conferred by the constitution and statute on circuit courts in such cases. By § 216, Title 61, Code of 1940, it is only provided that the personal representative of an estate "may give notice in writing to the claimant * * * that such claim is disputed" and thereupon the probate judge or the chancellor, if the case has been removed, "shall, on written application of either the personal representative or the claimant, hear and pass on the validity of such claim" with the right in either party when judgment on the claim is rendered by the probate court to appeal to the circuit court where the case is triable de novo and with a jury, if one is demanded.

This section merely confers jurisdiction on the probate court to hear and determine a properly filed claim if the personal representative elects to contest it in that court and if the personal representative or the claimant thereafter makes written application to that court to hear and pass on the validity of such claim. However there is nothing in the section which purports to take away from the circuit court the jurisdiction which it admittedly had when the statute embodied in the section was enacted. As a matter of fact the jurisdiction conferred on the probate court is conditioned first, on a contest of the claim by the personal representative and second, on a written application of such personal representative or the claimant for the probate court to hear and determine the claim. Accordingly it is recognized that the jurisdiction conferred may never be invoked and accordingly it follows that it was never intended to be exclusive of the jurisdiction expressly conferred on the circuit court by the constitution and the statute. At most the section undertakes to confer partially concurrent jurisdiction to hear and determine the validity of a claim properly filed in the probate court if the required conditions are met. We say partially concurrent jurisdiction since a proceeding under § 216, Title 61, Code of 1940, "does not lead to a moneyed judgment on which execution may issue. Its only purpose is to fix the rights of parties to a fund in trust, being administered in that court, so as to determine who is entitled to it on distribution." Tillery v. Commercial National Bank of Anniston, 241 Ala. 653, 4 So.2d 125, 127. The statute so providing for contest of claims filed in the probate court does not withdraw the jurisdiction that previously resided exclusively in the circuit court to determine the validity and amount of such claims.

An analogous situation was presented to this court at an early date when our statute undertook to confer on Justices of the Peace jurisdiction of civil cases not involving over $100.00. Under the constitution and by statute circuit courts then had jurisdiction in civil matters where the amount in controversy exceeded $50.00. A statute gave Justice of the Peace Courts jurisdiction in "all civil cases wherein the amount in controversy does not exceed one hundred dollars". Const.1875, art. 6, § 26. It was held that this statute did not take away jurisdiction of the circuit court in civil cases involving between $50.00 and $100.00. In so holding the court said:

"The jurisdiction given to justices of the peace is not excepted out of that bestowed on the circuit court. * * * These grants make the jurisdiction of the circuit court and of the justice of the peace, when the matter or sum in controversy is over the value of $50.00, and not greater than one hundred dollars, concurrent. In such a case, a litigant may sue in either court." Carew & Son v. Lillienthall, 50 Ala. 44.

We note another case which is against a construction which would give the probate court exclusive jurisdiction, Kansas City, M. & B. R. R. Co. v. Whitehead, 109 Ala. 495, 19 So. 705, 706. In that case a statute conferred jurisdiction on justices of the peace of " 'all actions for injury to, or destruction of stock by the locomotives or cars of a railroad, if the sum in controversy does not exceed one hundred dollars.' " It was held by this court that the statute "does not purport to confer on justices exclusive jurisdiction of the suits to which it refers, and it is not susceptible of any fair, reasonable interpretation from which any abridgment of the original jurisdiction of the circuit court, as defined by the constitution (if such abridgment lies within the scope of legislative power), can be deduced." So it was held that merely conferring jurisdiction on justices of all actions for injury or destruction of cattle by cars or locomotives where the amount involved did not exceed one hundred dollars, could not be construed to deprive the circuit court of jurisdiction of such a case involving between fifty and one hundred dollars.

The case of Tillery v. Commercial National Bank, 241 Ala. 653, 4 So.2d 125, 128, is in point. In that case the administration of an estate had been removed to equity and the administrator had filed a petition contesting a money demand of $20,000.00.

The claimant demurred to the claim for want of jurisdiction in the equity court. This court held that equity had jurisdiction to determine the validity and amount of the claim independently of § 216, Title 61, Code of 1940, and that the claimant was not entitled to a jury trial in equity. However, the court proceeded to determine whether a jury trial was a matter of right under § 216. It concluded that § 216 created a new remedy, not known to the common law, and that as to such new remedy a jury trial need not be provided. The case, however, recognizes that the common law remedy is not abolished or taken away by said section of the code. In this connection the court said:

"There was at common law the right of a creditor to sue the administrator on a debt created by decedent, in which a jury trial was a matter of right. And while he may pursue the new remedy under Title 61, section 216, he may still elect to sue at law, rather than this special remedy.

"* * * It was therefore in the province of the legislature to grant a new remedy without providing for a trial by jury.

"That is the identical legal status of this situation, since the proceeding here is by the personal representative, who could never before have instituted such a contest. This remedy would of course not be available to the personal representative if a suit at law is pending against him on the claim."

In the case at bar when the personal representative sought to avail himself of the "new remedy" by filing a "contest" and the "written application" required by the new remedy, the claimant had previously elected to sue at law. As is clearly said in Tillery v. Commercial National Bank, supra, the new remedy is not available to the personal representative when his suit at law is pending against him on the claim.

If the jurisdiction of the circuit court and the probate court to determine claims properly filed is concurrent or partially concurrent, the petitioner cannot succeed in compelling the trial judge to set aside his order overruling the demurrer to the complaint. The claimant elected to file his suit at law before the personal representative elected to pursue the remedy under § 216, Title 61, Code of 1940, and, accordingly, that remedy is no longer available to him. Furthermore even if the personal representative had taken the necessary steps to invoke the jurisdiction of the probate court prior to the filing of the suit in the circuit court, the circuit court would nevertheless have jurisdiction of the subject matter. And the pendency of the prior suit would have to be raised in a proper manner, that is, by plea in abatement because of the pendency of the prior suit. Ex parte Pruitt, 207 Ala. 261, 92 So. 426; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754. As a matter of fact the defendant filed a general appearance in the suit in the circuit court and a number of months after that suit was filed and after it had been set for trial, filed demurrers to the complaint. The defendant under well recognized rules lost any right she might otherwise have had to plead the filing of the claim as the institution of a suit which was pending in a court of concurrent jurisdiction at the time the suit was filed in the circuit court. She certainly cannot abate the suit on demurrer.

It is very earnestly insisted, however, that the view which we have expressed as to § 143 of the Constitution is not applicable, because the jurisdiction given to the probate court under § 216, supra, is not a part of the constitutional jurisdiction of circuit courts. It is argued that at common law no courts had any jurisdiction over claims against the estates of decedents for torts of a decedent. Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228. Further it is argued that the legislature created this right first by having these claims survive, § 150, Title 7, Code of 1940, and second, the legislature gave the circuit court the jurisdiction to try the contest of these claims by §§ 2817 and 2818 of the Code of 1896. It is insisted that what the legislature can give, it can take away or move to the probate court and that the amendment in 1939 at p. 806, of §§ 8970 and 8971 of the Code of 1923, did

precisely that. But the argument over-looks the proposition that the circuit court is a constitutional court and needs no legislation to give it jurisdiction, once it is established. Carew & Son v. Lillienthall, 50 Ala. 44. If this be true, it follows that § 143 of the constitution is applicable to the present situation and the legislature could not withdraw the jurisdiction of the circuit court by merely passing § 216, supra, which has been referred to. In other words, the jurisdiction although conferred on the probate court, partially as we have said, necessarily survived in the circuit court. Whitfield v. Saulsberry, 247 Ala. 690, 26 So.2d 93; Ex parte Pruitt, 207 Ala. 261, 92 So. 426.

It is seriously contended in behalf of the respondent that a tort claim of the character here involved is not required to be filed in the probate court. In view of what has been said, we find it unnecessary to pass on this contention.

We conclude that the demurrer of Judge Grayson to the petition for a writ of prohibition should be sustained and the petition should be dismissed.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.