84 So.2d 752

**E. C. MOORE, as Adm'r,**

v.

**Myrtle A. STEPHENS, as Adm'x.**

**6 Div. 722.**

Supreme Court of Alabama.

Jan. 19, 1956.

 

---

Walter G. Woods, Tuscaloosa, for appellant.

Dominick, Rosenfeld, Roberts & Beatty and Samuel A. Beatty, Tuscaloosa, for appellee.

MERRILL, Justice.

Appellant, plaintiff below, sued appellee alleging a cause of action for wrongful death under Title 7, Sec. 123, Code 1940. Appellee filed a special plea setting up the statute of nonclaim, Title 61, Sec. 211, Code 1940. Issue was joined on this plea, and the judge gave the affirmative charge for the appellee. From the judgment rendered on the verdict pursuant to the charge, appellant has taken this appeal.

The facts out of which this litigation arose follow. Appellant's intestate Anna D. Moore, deceased, was injured in an automobile accident on February 2, 1952 and died on September 8, 1952. Appellee's intestate, Callie Stephens, deceased, was the driver of the automobile in which Anna D. Moore was riding when she was injured, and Callie Stephens died on February 2, 1952, the date of the accident. Appellee was appointed administratrix of his estate and was granted letters of administration by the Probate Court of Tuscaloosa County on February 14, 1952. This suit was filed on December 8, 1952, more than ' nine months after the granting of letters of administration.

It is agreed and stipulated between the parties that the sole issue to be decided here is whether Title 61, Sec. 211 constitutes a bar to this action. Appellant admits that no suit or claim of any kind arising out of the cause of action alleged in his complaint was ever filed against the estate of Callie Stephens, deceased, with the Probate Judge, nor in Probate. Court, nor with appellee within six months from the grant of letters of administration.

Title 61, Section 211 provides:

"All claims against the estate of a decedent, other than the claims referred to in the preceding section, whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited. Such presentation must be made by filing a verified claim or verified state-

ment thereof in the office of the judge of probate of the county in which the letters are granted; but claims which have not been filed and which are liens against the real or personal property of the decedent may be paid by the personal representative to protect the assets of the estate."

Appellant contends that this statute has no application to a claim arising out of a tort. We have been cited no case, nor does our research disclose a case wherein we have decided the instant question.

Through the years this court has recognized one exception to the requirement in the statute of nonclaim, and that exception is where the claim is a contingent one. A discussion of the progenitor of Title 61, Sec. 211, the exception, and what constitutes a contingent claim is found in Fretwell v. McLemore, 52 Ala. 124, 140–141, where the court, Chief Justice Brickell writing, said:

"The language of the statute is clear, unambiguous, and comprehensive. Words more significant to express every demand to which a personal representative can or ought to respond, or which can charge the assets in his hands subject to administration, or more expressive of every legal liability, resting upon the decedent, could not have been employed. 'All claims against the estate of a deceased person,' is the language of the statute. A claim, said Judge Story, in a just, judicial sense, is 'a demand of some matter as of right made by one person upon another, to do or to forbear to do some act or thing as a matter of duty'. [Prigg v. Pennsylvania] 16 Pet. (539) 615 [10 L.Ed. 1060]. All claims whether absolute or conditional, whether payable presently or in the future, are within the statute. Jones [Ex'rs] v. Lightfoot, supra [10 Ala. 17]; King & Barnes v. Mosely, 5 Ala. 610; Painter v. Smith, 2 Root (Conn.) 142. It is only contingent claims— claims which may never accrue—that fall within the provision postponing

a presentment 'until eighteen months after the same have accrued'; such as the liability of a surety who has no demand against the principal until his payment of the debt for which he is bound. Neil v. Cunningham's Ex'rs, 2 Port. 171; McBroom v. Governor, 6 Port. 32; Cawthorne v. Weisinger, 6 Ala. 714; Hooks & Wright v. Br[anch] Bank [at] Mobile, 8 Ala. 580; Minter and Gayle v. Br[anch] Bank [at] Mobile, 23 Ala. 762 [58 Am. Dec. 315]. Or the claim which was the subject of suit in Pinkston v. Huie, (9 Ala. 252), dependent on a future contingency which might never happen. 'But the contingency excepted from the operation of the statute cannot depend upon the action of the court in granting or refusing relief. If the party is not entitled to a judgment or decree at the hands of the court, he has no claim against the estate, and there is an end of the controversy. If he is, it cannot be considered as contingent, whether it will be granted or refused.' Jones v. Lightfoot, supra."

Other cases which recognize the existence of the quoted exception are McDowell v. Jones, 58 Ala. 25; Farris v. Stoutz, 78 Ala. 130; Chamblee v. Proctor, 203 Ala. 61, 82 So. 21; Dallas Compress Co. v. Liepold, 205 Ala. 562, 88 So. 681; Murwin v. Birmingham Trust & Savings Co., 237 Ala. 100, 185 So. 756. None of these cases, however,. are authority for the proposition that claims arising out of tort are contingent claims to which the statute has no application.

There is an expression in the case of Roche Undertaking Co. v. De Bardelaben, 7 Ala.App. 232, 60 So. 1000, which indicates that the court considered tort claims to be subject to the statute of nonclaim, but the statement is dictum. The Court of Appeals was showing that a claim for funeral expenses was against the personal representative and not against the decedent. The court said: "When he [the personal representative] has paid such funeral expenses, his claim against the estate, for reimbursement or credit therefor—unlike

claims held by him against the estate arising under contracts made or torts done by the deceased in his lifetime—does not have to be formally verified and filed, *like they do,* as a claim against the estate". ·

In our case of Ex parte Zepernick, 259 Ala. 493, 66 So.2d 757, where a claim was filed in probate court for wrongful death within the time required by the statute of nonclaim and suit also brought in the circuit court, we refused to prohibit the circuit judge from trying the cause where there had been no contest of the claim in the probate court prior to the filing of the suit in the circuit court, but expressly found that it was not necessary to decide whether a tort claim is required to be filed in the probate court. In our more recent case of Barrett v. Fondren, 262 Ala. 537, 80 So.2d 243, 246, we held that the filing of a suit in circuit court *within* the six months obviated the filing of the claim in the probate court within the six months, but in that case also it was not necessary to decide whether tort claims are within the statute of nonclaim, although there is a discussion of the question, and we pointedly invited the legislature, which was to meet shortly in regular session, to "clear up the difficulty". No action was taken by the legislature.

An examination of some of the authorities from other jurisdictions is convincing that the decided weight of authorities requires the filing of notice of a tort claim within the time provided in the statute of nonclaim. See 21 Am.Jur., Executors and Administrators, Sec. 352, p. 581; 34 C.J.S., Executors and Administrators, § 398, p. 166.

In Rhode Island, the statute, Gen.Laws 1909, c. 314, § 3, provides that "All persons having claims, including pending suits, preferred claims, and claims of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court." In Hicks v. Wilbur, 38 R.I. 268, 94 A. 872, 874, a leading case on the subject before us, the court said:

"A claim in tort, as to which a right of action arose immediately upon the doing of a wrong, may not be proved as a debt, but it is by no means a contingent claim. Whether the claimant in tort will recover, is uncertain; but this is true of all claimants, whatever be the nature of their claims, whether for liquidated or unliquidated damages or whether the claim arises in tort or in contract; and, if such claimants are allowed to recover, the amount of the damages which may be awarded is uncertain, but these circumstances do not render their claims contingent. A 'contingent claim,' within the meaning of the statute, is one that depends for its effect upon some future event which may or may not happen. Until that event happens a right of action upon said claim does not arise. The evident purpose of the statute would be defeated if we should exempt from its operation persons having claims arising in tort or for unliquidated damages".

In Massachusetts, the statute provided that an action for either bodily injury or property damage was barred by the statute requiring a creditor of a decedent to commence his action against the executor or administrator within one year and the court said "one who has a cause of action in tort that survives is a 'creditor' within that statute". Mulligan v. Hilton, 305 Mass. 5, 24 N.E.2d 676, 678, 133 A.L.R. 376.

In Indiana, the statute, Burns' Ann.St. § 6–1001, provided "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending  *  *  * ". The court said "the phrase 'any claim' is broad enough to include claims ex contractu and ex delicto. The clear intent of the statute is to include all such claims". Williams v. Williams, 217 Ind. 581, 29 N.E.2d 557, 558.

In Iowa the statute, I.C.A. § 635.68, provided "All claims not filed as hereinbefore provided within six months from the giving of the notice aforesaid, will be barred * * *". The court held that a tort claim is not a contingent claim and should have been filed within six months. Des Moines Transp. Co. v. Haring, 238 Iowa 395, 27 N.W.2d 210.

In Washington the statute, Rem.Comp. St. § 1477, provided "If a claim be not filed within the time aforesaid [6 mos. after the date of the first publication of notice to creditors], it shall be barred". The court held that this section of the code "is a statute applying to the settlement of estates and supercedes all other statutes of limitation and applies to every kind and character of claim against an executor and administrator, and the trial court was therefore correct in sustaining the demurrer". Davis v. Shepard, 135 Wash. 124, 237 P. 21, 24, 41 A.L.R. 163.

In Michigan the statute, Pub.Acts 1939, No. 288, c. 8, § 3, provided "All claims in each estate shall be heard by the probate court * * *". The court held that "we, therefore, must assume that in the present act, the legislature used the word 'claims' advisedly to include claims ex delicto as well as claims ex contractu". Chabre v. Page, 298 Mich. 278, 299 N.W. 82, 85.

In Ohio the statute, Gen.Code, § 10509–112, provided that "Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation * * *". The court said "a liability on an unliquidated claim for damages arising out of a tort does not depend for its creation upon the occurrence of some uncertain event in the future. On the contrary, such claim is, as of necessity it must be, based on the theory that the event, the tort, giving rise to liability, has already occurred, and that a cause of action has already accrued and is in existence. A claim thus grounded cannot be said to be contin-

gent." Pierce v. Johnson, 136 Ohio St. 95, 23 N.E.2d 993, 995, 125 A.L.R. 867.

In Wyoming the statute, Comp.St.1945, § 6–1609, provided "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator * * *". It was held that in the absence of proof of the presentation of the claim, no recovery could be held. Lindsay v. Collins, 96 F.Supp. 994.

The courts of two states, Mississippi and New Mexico, reach an opposite result. In New Mexico, the statute, 1941 Comp. § 33–803, provided "All claims against the estate of deceased persons not filed and notice given, as provided in the preceding section, within six [6] months from the date of the first publication of notice of the appointment of the executor or administrator, shall be barred * * *". The court held the statute did "not cover tort claims". Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671.

In Mississippi, the statute, Code 1930, § 1672, provided "All claims against the estate of deceased persons, whether due or not, shall be registered, probated, and allowed in the court in which letters testamentary or of administration were granted within six months after the publication of notice to creditors to present their claims; otherwise the same shall be barred * *". The court said "that statute applies alone to contractual claims and not to those ex delicto". Hancock v. Pyle, 191 Miss. 546, 3 So.2d 851, 853.

In some states, the statute is in terms limited to claims arising on contract, or specifically includes tort claims.

In Tennessee, the court held that the statute of nonclaim by its terms, only referred to a claim evidenced by a written instrument, or a judgment or decree, or an open account and thus, tort claims were excluded. Collins v. Ruffner, 185 Tenn. 290, 206 S.W.2d 298.

In Utah, it was held that the statute of nonclaim did not apply to tort actions because the statute, Comp.Laws 1917, § 7648, was specifically limited to "all claims aris-

ing upon contracts". Van Wagoner v. Whitmore, 58 Utah 418, 199 P. 670.

In Nebraska, the court held that a tort claim is not contingent and must be tried in the county court because the statute gave exclusive jurisdiction to that court for the administration of estates of deceased persons and approved the following statement: "The word 'claim' includes every species of liability which an executor or an administrator of an estate can be called upon to pay, or provide for payment of, out of the general fund of the estate". Rehn v. Bingaman, 151 Neb. 196, 36 N.W.2d 856, 857.

In California, from 1874 to 1949, the statute, Probate Code, § 707, read " 'If a claim arising upon a contract heretofore made, be not presented * * *, it is barred forever * * *' ". Obviously, it was held that the statute excluded tort claims. National Automobile & Casualty Ins. Co. v. Ainge, 34 Cal.2d 806, 215 P.2d 13, 15. In 1949 the legislature amended the statute to require the presentation of claims "for damages for physical injury or death, or injury to property". Such tort claims have since been required to be filed. Casey v. Katz, 114 Cal.App.2d 391, 250 P.2d 291.

In Illinois, it was decided that under the constitution of that state, probate courts "do not have jurisdiction of claims ex delicto" and the statutes requiring the filing of claims in the probate court could not apply to tort claims, Howard v. Swift, 356 Ill. 80, 190 N.E. 102, 104, but there is language in the case of In re Collignon's Estate, 333 Ill.App. 562, 77 N.E.2d 841, which strongly suggests that the suits in Circuit and Superior courts would have been barred had they not been filed within the nine-month period provided in the Probate Act.

An analogous question arose in the case of Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 38, where the problem was the construction of a provision in the charter of the city of Mobile which provided that " 'no claim against the city of Mobile shall be sued on until a statement thereof * * * shall have been filed with the clerk for consideration of the general council, and either rejected by them or held for sixty days without action' ". It was there stated:

"The word 'claim,' as used in this provision, is comprehensive enough to include charges against the city arising in tort as well as *ex contractu*. The legislative intention was to protect the city from expenses of unnecessary litigation by affording it opportunity to settle and discharge its liabilities without suit. The same necessity exists for such protection in respect to torts as in other claims, and, without applying the requirement to them the legislative intention cannot be wholly carried out. * * *

"We are aware that there is conflict in the authorities, both as to whether the word claims as used in statutes requiring presentation before suit applies to tort, and also as to the necessity of averring compliance with the requirement. We think however, that our conclusions on both those questions are supported by the decision of this court made with reference to an analogous requirement respecting the presentation of claims against counties before suit, and found in section 13 of the present Code. See Schroeder v. Colbert County, 66 Ala. 137; Shinbone v. Randolph County, 56 Ala. 183".

It is interesting to note that the Supreme Court of Indiana quoted from the Barrett case when it held that a tort claim against a decedent must be filed in accordance with the nonclaim statute in Williams v. Williams, supra.

■ We think the reasoning of the Barrett case is applicable here. The purpose of the statute of nonclaim is to "promote a speedy, safe, and definitive settlement of estates by giving the personal representative notice of all claims against the estate in his hands." Smith v. Fellows, Adm'r, 58 Ala. 467. The use of the words "all claims" in the statute certainly denotes a legislative intention to include claims ex delicto as well as those ex contractu. In

the case of Yniestra v. Tarleton, 67 Ala. 126, wherein this court dealt with the question of whether a cause of action of fraud, or fraudulent concealment of a cause of action were subject to the statute of nonclaim, it was stated:

"There are no exceptions to the universal operation of this statute, except in favor of minors, and persons of unsound mind, who are allowed eighteen months after the removal of their respective disabilities, and in favor of heirs or legatees, claiming as such. (Code, § 2598.) 'All claims' is a phrase clear and comprehensive, and must be construed to mean just what the words import. It does not mean all claims except a class not specified. It fails to make any exception of such claims, as the owner or holder may be ignorant of, or of such as may originate in, or be based on the fraud, or fraudulent concealment of the deceased. The remark of Lord Bacon embodies but a plain rule of construction, recognized everywhere in the common law, 'that as exceptions strengthen the force of a general law, so enumeration weakens as to things not enumerated'. The statute is unambiguous in its language, and plain in its literal meaning, and we do not feel authorized to incorporate in it a new exception, especially of this sweeping magnitude, without the sanction of the legislature. Carlisle & Jones v. Godwin, (MSS., present term.) [68 Ala. 137.] The following authorities show that, under our decisions and legislation, the statute of non claim has never been regarded merely as a statute of limitations, but that the two systems have been recognized as separate and distinct, and embrace scopes of policy not commensurate, but, in many particulars, essentially diverse. Fretwell v. McLemore, 52 Ala. [124], 140; McDowell v. Jones, 58 Ala. 25; Halfman's Ex'x v. Ellison [& Sons], 51 Ala. [543], 545; Branch Bank [at Decatur] v. Donelson, 12 Ala. [741], 742".

The appellant insists that no cause of action arose under our statutes until Anna D. Moore died, that this fact made the claim contingent and it was therefore exempted from the statute of nonclaim.

Title 7, Section 150, Code 1940, as amended in 1951, reads:

"All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal causes of action survive against the personal representative of a deceased tort feasor".

Title 7, Section 123 provides:

"A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere for the wrongful act, omission,. or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."

█ Even though the cause of action survives under Section 150, as amended, it still does not create two causes of action when considered in conjunction with Section 123, the wrongful death statute. Our

cases construing that statute, are discussed in Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586, 593, and the entire court concurred in this statement:

"We are not willing to agree that the legislature intended to approve a situation where two suits could be prosecuted to judgment for the same injury, one by the injured person in his lifetime and the other by his personal representative after his death. We think that the legislature did not intend to create a cause of action occurring at the death of the injured party, if at that time the injured party was unable to maintain a suit for personal injuries based on that occurrence by reason of the fact that either he had already sued and recovered a judgment on account of it or he had accepted full satisfaction and release of the claim, or if his contributory negligence proximately caused his injury, or if he permitted the claim to be barred by the statute of limitations."

There is an analogy between that case and the instant case. There the injured party filed a suit before his death, but he had delayed the filing until it was barred by the statute of limitations, and thus his administratrix was denied the right to recovery under the wrongful death statute, even though the suit was filed within one year after the death of his intestate. Here the injured party, Anna D. Moore, continued to live until after her claim was barred by the statute of nonclaim. This being so, any defense is available against the personal representative that existed against Anna D. Moore. Woodward Iron Co. v. Craig, supra, and cases therein cited and discussed. Anna D. Moore could have filed suit any time within six months from February 14, 1952, Barrett v. Fondren, supra; or she could have filed her claim in probate court within the six months and still have elected to file suit in circuit court if she chose to do so prior to the contest of her claim in probate court. Ex parte Zepernick, supra.

Once again we refer to Fretwell v. McLemore, 52 Ala. 124, where in 1875, the court said:

"The statute (of nonclaim) as it is now found in the Code was originally enacted in 1815. Clay's Digest 195, § 17. By the common law as it prevailed here, when this statute was enacted, it was only actions ex contractu, causes of action originating in contract, that survived for or against personal representatives. Blakeney v. Blakeney, 6 Port. 109 [30 Am.Dec. 574]; Nettles v. Barnett, 8 Port. 181. The common law rule was modified and changed by legislation, from time to time, until now all actions on contracts, express or implied, and all personal actions, except for injuries to the person or reputation, survive in favor of or against the personal representative. R.C. § 2555. *It cannot be denied that as the causes which would survive against a personal representative were enlarged, they fell within the operation of the statute, and if not presented within the period prescribed, they are barred.*" (Italics supplied.)

Chief Justice Brickell, writing further in the Fretwell case said that the statute of nonclaim was "one of the most important statutes to be found in our statute book,— a statute founded on the wisest public policy, affording protection to the living and the dead; a statute, which gives repose to society, quiets litigation, removes temptations to fraud and perjury, secures titles, and preserves domestic peace", and further that "the whole theory of the statute is to create a defense broader in its operation than the statute of limitations, not only barring remedies, but extinguishing debts and liabilities".

We conclude that the statute of nonclaim is clear and unambiguous and "must be construed to mean just what the words import", and the words "all claims against the estate of the decedent" should be construed to include all claims not specifically excepted, and thus to include tort claims.

It follows that when the plea setting up noncompliance with Title 61, Section 211, Code 1940 was admitted by the appellant, the trial court correctly gave the affirmative charge at the request of the appellee, and the cause should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.