Because I think that Duff Phelps's claim is not a "contingent claim," and thus is barred, I must respectfully dissent.
The words "all claims against the estate of a decedent" in Ala. Code 1975, § 43-2-350(b), include tort claims. Ivory v.Fitzpatrick, 445 So.2d 262 (Ala. 1984). This Court has recognized an exception to the presentment requirement in the Alabama statute of nonclaim for contingent claims that have not accrued at the time the letters testamentary issue. SeeHartford Accident Indem. Co. v. Kuykendall, 287 Ala. 36,247 So.2d 356 (1971); Fretwell v. McLemore, 52 Ala. 124 (1875), andJones' Executors v. Lightfoot, 10 Ala. 17 (1846). This Court stated in Fretwell:
 "All claims whether absolute or conditional, whether payable presently or in the future, are within the statute. [Citations omitted.] It is only contingent claims — claims which may never accrue — that fall within the provision postponing a presentation 'until eighteen months after the same have accrued;' such as the liability of a surety who has no demand against the principal until his payment of the debt for which he is bound."
52 Ala. at 140-41. In Moore v. Stephens, 264 Ala. 86,84 So.2d 752 (1956), this Court further defined a "contingent claim" as excluding claims for unliquidated damages:
 " 'A "contingent claim," within the meaning of the statute, is one that depends for its effect upon some future event which may or may not happen. Until that event happens a right of action upon such claim does not arise. The evident purpose of the statute would be defeated if we should exempt from its operation persons having claims arising in tort or for unliquidated damages.' "
264 Ala. at 89, 84 So.2d at 755-56 (quoting Hicks v. Wilbur,38 R.I. 268, 94 A. 872 (1915)).
Duff Phelps argues that its claim for indemnification against Smith's estate is a contingent claim in that it would never have accrued if Alabama Kraft Company had not sued it; in other words, Duff Phelps argues that it will have suffered no legal injury until it is required to pay damages to Alabama Kraft, if it is so required. I am of the opinion that Duff 
Phelps misconstrues the nature of the claim it has against Robert J. Smith's estate. Duff Phelps's indemnification claim is based upon the alleged negligence of Smith in not passing the gas refunds on to Alabama Kraft. Smith's alleged failure to perform his duties with due care constitutes legal injury, whether or not the full amount of the damages is known or apparent; Smith's actions occurred during his lifetime, and Duff Phelps certainly would have been able to sue Smith for his alleged breach of duty immediately after it occurred, regardless of whether the full amount of the damages was known. As this Court stated recently in Watson, Watson,Rutland/Architects, Inc. v. Montgomery County Bd. of Educ.,559 So.2d 168, 175 (Ala. 1990):
 "[A] negligence cause of action accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is *Page 702 
apparent. Armstrong v. Life Ins. Co. of Virginia, 454 So.2d 1377 (Ala. 1984)."
Here, Duff Phelps's claim is for the allegedly negligent acts of Smith occurring while he was alive. The alleged circumstance that Duff Phelps did not know that the gas refunds had been withheld would not constitute an exception to the statute of limitations. "[N]either difficulty of ascertainment nor ignorance of the cause of action will toll the statute of limitations unless superinduced by fraud."Garrett v. Raytheon Co., 368 So.2d 516, 520 (Ala. 1979). However, even fraud is not an exception that will extend the time under the nonclaim statute. Yniestra v. Tarleton, 67 Ala. 126,129 (1880).
The settlement of estates is a desirable goal. In this case, the principal has been sued. Its agent allegedly committed the wrong. The question is: Should the principal, if sued after its agent dies, be able to seek indemnification from the estate of the agent if the principal is found to be liable. I would answer "yes, if" the claim is filed within the period allowed by law.
I would hold that Duff Phelps's claim against Smith's estate is not a "contingent claim" so as to be excepted from § 43-2-350(b). Therefore, I would answer that Duff Phelps's claim against Smith's estate is barred by § 43-2-350(b).
STEAGALL, J., concurs.